# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---------------------------------------------------------------- x
:
WANDA OVALLES, INDIVIDUALLY :
AND P.P.A A.O., AND WILSON OVALLES, :
:
:
Plaintiff, : Case No. 3:14-CV-137-M-PAS
:
- against - :
: **DECLARATION OF**
SONY ELECTRONICS, INC., BEST BUY CO., INC., : **LORRAINE SCHMALER**
FOXCONN INTERNATIONAL, INC., AND JOHN :
DOE CORPORATIONS 1-4, :
:
Defendant. :
---------------------------------------------------------------- x

Lorraine Schmaler, under penalty of perjury, declares:

1. I am a Director of Finance at Sony Electronics, Inc. ("SEL"). I submit this Declaration in opposition to "Plaintiffs' Motion to Strike Objections and Compel Supplemental Discovery Responses From Sony Electronics, Inc." I have personal knowledge of the facts and circumstances set forth herein.

2. SEL is a Delaware corporation with its principal place of business in San Diego, California, engaged in the marketing and distribution of consumer and professional electronics in the United States and Canada.

3. SEL is a direct subsidiary of Sony Corporation of America ("SCA") which is, in turn, a subsidiary of Sony Americas Holding, Inc. Sony Americas Holding, Inc. is a subsidiary of Sony Corporation, a Japanese corporation with offices in Japan.

4. SEL maintains its own separate corporate existence in every relevant respect. SEL maintains its own books and records, including its own financial statements,

accounting records, and minutes of Board of Directors' meetings. SEL's day to day operations are conducted by its own employees whose compensation is paid directly by SEL.

5. SEL maintains its own bank accounts, has sufficient funds to operate its business and meet its ordinary business obligations, and does not rely upon any real-time capital infusions from any parent or affiliate company to meet those obligations.

6. SCA maintains email and electronic document servers, which it shares with SEL, but does not share with Sony Corporation in Japan. In the ordinary course of business, Sony Corporation grants SEL access to only a limited set of its databases necessary for the sale, marketing and service of Sony products in the normal course of business (*e.g.*, a database of creative and informational materials to market products, a database of materials necessary to provide warranty service.) SEL also has access to Sony Corporation financial databases only in order to submit or review financial results, forecasts or budgets for the United States and Canada, but SEL cannot access information pertaining to Sony Corporation or other affiliates. Other than that limited set of marketing, servicing and financial documents, SEL does not have access to documents maintained by Sony Corporation in the ordinary course of business. In particular, SEL does not have access to any servers containing Sony Corp.'s emails, documents on shared servers, or any manufacturing, customer service, legal or accounting databases (including any databases concerning allegations of overheating, defects or malfunctions). SEL does not have any legal right, through contractual agreements or otherwise, nor any practical ability to obtain any such documents or information.

7. For all required discovery in this case, SEL has searched and will search all relevant SEL, SCA, Sony of Canada Ltd. or Sony Corp. servers and/or databases to which SEL has access in the ordinary course of business.

8. I am advised that this lawsuit involves an allegation that, in fall 2010, the plaintiffs bought from Best Buy a VAIO Model VPC-EB32FM/WI notebook computer which was distributed by SEL. In 2010, as in the years before and after, SEL sold products to Best Buy pursuant to a reseller agreement. No other company was a party to that reseller agreement, and SEL determined the terms upon which it would sell products to Best Buy. SEL's sales to Best Buy were for its own account and its own risk, and not for the account or at the risk of any other company. Correspondingly, the limited warranties provided to customers of VAIO notebook computers were made by SEL and not by any other company. SEL was not acting as a sales representative or sales agent for any other company in connection with sales to Best Buy.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 19, 2015.

_____
Lorraine Schmaler