# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

------------------------------------------------------------x
:
WANDA OVALLES, INDIVIDUALLY :
AND P.P.A A.O., AND WILSON OVALLES, :
:
:
                             Plaintiff, :   Case No. 3:14-CV-137-M-PAS
:
      - against - :
:   **DECLARATION OF**
SONY ELECTRONICS, INC., BEST BUY CO., INC., :   **THOMAS J MERKEL**
FOXCONN INTERNATIONAL, INC., AND JOHN :
DOE CORPORATIONS 1-4, :
                             Defendant. :
------------------------------------------------------------x

        Thomas J. Merkel, under penalty of perjury, declares:

        1.    I am employed by Sony Electronics Inc. ("SEL") as Senior Manager of Business Applications. I submit this Declaration in opposition to "Plaintiffs' Motion to Strike Objections and Compel Supplemental Discovery Responses From Sony Electronics, Inc." (the "Motion"). I have personal knowledge of the facts and circumstances set forth herein.

        2.    I am advised that the computer at issue in this litigation is a model Sony VAIO VPC-EB32FM/WI ("EB Series") notebook computer. I am further advised that plaintiffs have not agreed to limit their discovery requests to EB Series model computers, but instead seek information regarding all "similar computers," which plaintiffs have defined as all VAIO models sold by SEL from 2000 through 2015.

        3.    The burden of responding to these requests would be immense. SEL sold over 17,000 different models of VAIO computers from 2000 through 2015 in the United States. Further, as explained in the Declaration of Julio Posse, SEL does not maintain a single document repository that includes all information concerning customer complaints, repairs, and other

3145122.1

communications for all VAIO models over this fifteen year time period in the United States. Therefore, collecting the information requested by plaintiffs would require SEL to consult multiple document repositories, each at a significant cost. I explain below only a portion of the process that SEL would have to undertake, and an under-inclusive estimate of the time that would be required to respond to plaintiffs' requests.

4.  *First*, for customer contact records that are more than two years old, SEL's Information Systems Department would need to pull data from a separate archival system to allow for any data analysis. Data on this system is only available to Information Systems members as there is no front end user interface available to use for data queries. The Information Systems team would have to construct queries against the data using keyword search terms to narrow the data that is retrieved. Even using narrowing search terms, however, given that plaintiffs' requests span fifteen years and over 17,000 computer models, any such search would return millions of line items of data. Simply *collecting* all potentially responsive contact records would require 3-4 persons working 40-50 hours per week for 2-3 weeks—or between 240-600 person-hours. After this data was collected, a group of three engineers would need to spend an additional 50 hours per week for at least three and possibly more weeks to consolidate the data— a total of at least 450 person-hours. Further, following that data consolidation, reviewers would then need to spend additional time examining the consolidated records to evaluate responsiveness. In total, it would take at least approximately 1,000 person-hours for SEL to collect and produce the customer contact record information responsive to plaintiffs' discovery requests.

5.  *Second*, SEL maintains records for instances when SEL service technicians conduct customer in-home repairs in the United States. SEL maintains these records

at a separate document repository from the archives identified in paragraph 4. Reviewing those records for incidents of alleged over-heating for all VAIO models from 2000 to 2015 would require a substantial amount of effort that is not readily estimable at this time. Some of these records are located in inaccessible or decommissioned data repositories, and other data may be stored in systems maintained by third parties with whom Sony no longer has a business relationship—therefore it is not possible to estimate the time and expense of retrieving those records.

6.  *Third*, SEL also separately maintains records of its VAIO depot repairs in the United States. The majority of these records are archived along with the customer contact records described in paragraph 4, *supra*. The burden associated with collecting and producing those records is similar to the burden associated with collecting and producing the customer contact records archived—that is, it would require application of search terms, voluminous data collection and time-consuming consolidation and review by engineers and reviewers. In total it would require approximately 1,000 person-hours to collect and produce all depot records responsive to plaintiffs' requests.

7.  In sum, collecting and producing information responsive to plaintiffs' requests would require SEL to consult at least three separate document repositories in the United States at a total cost of at least 2,000 person-hours.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 20, 2015.

                                                      _____
                                                      Thomas J. Merkel