## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WANDA OVALLES, INDIVIDUALLY AND P.P.A. A.O., AND WILSON OVALLES, | : : : | Case No. 3:14-CV-137-M-PAS |
| Plaintiffs, | : : : | |
| -v- | : : : | |
| SONY ELECTRONICS, INC., BEST BUY CO., INC., FOXCONN INTERNATIONAL, INC., AND JOHN DOE CORPORATIONS 1-4, | : : : : : | |
| Defendants. | : | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' OBJECTION TO DEFENDANT SONY ELECTRONICS, INC.'S MOTION FOR LEAVE TO SUBMIT A SURREPLY AND PLAINTIFFS' MOTION FOR LEAVE TO RESPOND TO SONY ELECTRONICS, INC.'S SURREPLY**

Pursuant to D.R.I. LR Cv. 7, Plaintiffs respectfully submit Plaintiffs' Memorandum In Support Of Plaintiffs' Objection To Defendant Sony Electronics, Inc.'s Motion For Leave to Submit A Surreply (ECF 54) ("SEL's Motion For Leave") and Plaintiffs' Motion For Leave To Respond To Sony Electronics, Inc.'s Surreply (ECF 55) ("SEL's Surreply").

In brief, Plaintiffs seek the opportunity to address the Court regarding two thousands plus (2,000+) pages of documents produced on the eve of the previously scheduled hearing on Plaintiffs underlying motions to compel (ECF 39, 41, and 43), and to respond to erroneous assertions made by Sony Electronics, Inc. at the eleventh hour in SEL's Surreply that, if left unaddressed, will prejudice the Plaintiffs.

**INTRODUCTION**

In this case, the Plaintiffs' Sony VAIO notebook computer erupted in flames causing serious injury. This means that the lithium ion cells in the Plaintiffs' VAIO experienced "thermal runaway"—a shorthand way to refer to an event where a short circuit in the cell triggers an almost instantaneous feedback loop creating high heat and enormous pressure until the cell erupts in 2000 degree superheated flames. The cells in the Plaintiffs' VAIO were Sony cells. In SEL's Motion for Leave and Surreply, Sony Electronics, Inc. attempts to defeat Plaintiffs' right to discover relevant information about Sony cells, including instances of overheating and eruption.

**ARGUMENT**

I.  **Plaintiffs' Objection To SEL's Motion For Leave**

Plaintiffs object to SEL's Motion For Leave (ECF 54) on the ground that Plaintiffs have repeatedly informed Sony Electronics, Inc. ("Sony Electronics" or "SEL") that the lithium ion cells contained in the Plaintiffs' VAIO experienced thermal runaway, and that Sony Electronics' incorrect suggestion to the contrary in SEL's Motion For Leave prejudices the Plaintiffs. *See U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of America,* 238 F. Supp. 270, 277 (D.D.C. 2002) ("The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply. The matter must be truly new."); *Seller v. U.S. Dep't of Defense,* 654 F. Supp. 2d 61, 85 (D.R.I. 2009) (allowing an unauthorized submission but only because "the Court sees little prejudice to [the opposing party] if the deposition filings are allowed").

## II.   Plaintiffs' Motion For Leave To Respond To SEL's Surreply

Plaintiffs further move for leave to respond to SEL's Surreply (ECF 55) on the ground that the information and documents contained in SEL's Surreply are truly new.

In fact, Sony Electronics represented to Plaintiffs *under oath* on April 23, 2015 that Sony Electronics did not have possession, custody, or control of the information and documents about the Sony cell problems nor about purported design and manufacturing modifications (*see* SEL Dep. Tr. at 059:03-10, 060:13-16, 061:15-22, 081:06-082:22, 119:10-25, 206:16-207:07, 207:17-24, 212:24-213:10, 214:03-17 (attached hereto as **Ex. 33**)). Yet it is this information that Sony Electronics just submitted to the Plaintiffs and the Court in SEL's Surreply (ECF 55, and its attachments 55-1, 55-2, and 55-3).[1]

Furthermore, Sony Electronics has recently made two additional productions that may contain relevant information on this question of the proper scope of Sony lithium ion cell failures that Sony Electronics must disclose to Plaintiffs.

On February 26, 2016, Sony Electronics produced nine documents—eight of which were *either* produced already *or* relate to Samsung or Sanyo cells (as opposed to Sony cells at issue in this case) and have no immediately obvious or discernible relevance. But the ninth document (SEL Bates No. 1269-1438) contains portions of the UL report that covers Sony lithium ion cells and therefore includes highly relevant information about Sony cells (*see* SEL 03/07/2016 Email to Pls. (attached hereto as **Ex. 34**)).

---

[1]   Sony Electronics' counsel and corporate agent have made additional prior representations of no availability or control as it relates to other pieces of information that Sony Electronics has just submitted. Plaintiffs had requested that those prior representations be reduced to writing (*see* Pls. Mem. (ECF 42) at pp. 15-16, as to SEL's counsel's representations) or be both under oath and in the proper form (*see* Pls. Reply (ECF 48) at pp. 5-6, as to SEL's corporate agent's interrogatory responses). Plaintiffs have expended significant time and resources in reliance on these representations, and may suffer additional forms of injury, and hereby respectfully request to reserve the right to address and obtain relief in this regard. *See, e.g., Marlowe Patent Holdings v. Dice Electronics,* 293 F.R.D. 688, 701 (D.N.J. 2013) (where "[t]he course of litigation was set long ago" and a party has "relied on [the other party's] representations throughout; to allow [the other party] to unilaterally change the course of this action now would be inappropriate.").

Then, on March 25, 2016, Sony Electronics produced approximately two thousand one hundred (2,100) pages of additional material, which need careful review. For example, Sony Electronics has represented to Plaintiffs that among the documents just produced are technical cell specifications which will indicate the correct Sony cell model used in the Plaintiffs' VAIO (*see* SEL 03/24/2016 Email to Pls. (**Ex. 34**)).

Plaintiffs seek the opportunity to review these new documents prior to responding to SEL's Surreply and proposing for the Court the proper scope of lithium ion cell failures in Sony Electronics' possession, custody, or control that are discoverable under Fed. R. Civ. P. 33 and 34.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court:

a) Note Plaintiffs' objection to SEL's Motion For Leave (ECF 54);

b) Grant Plaintiffs' motion for leave to submit a ten (10) page or less response to SEL's Surreply (ECF 55) on or before April 15, 2016; and

c) Permit Plaintiffs to reserve the right to address and obtain relief in regard to Sony Electronics' prior representations that conflict with the information and documents contained in SEL's Surreply.

Dated: March 28, 2015

Respectfully Submitted,

PLAINTIFFS WANDA OVALLES, INDIVIDUALLY AND P.P.A A.O, AND WILSON OVALLES

By: */s/ Miriam Weizenbaum*

DELUCA & WEIZENBAUM, LTD.
Amato A. DeLuca
Miriam Weizenbaum
199 N. Main Street
Providence, RI 02905
Telephone: (401) 453-1500
Facsimile: (401) 453-1501
bud@delucaandweizenbaum.com
miriam@delucaandweizenbaum.com

*Attorneys for Plaintiff Wilson Ovalles and Plaintiff Wanda Ovalles, individually and P.P.A. A.O.*

SHIPMAN & GOODWIN LLP
James. W. Bergenn (*pro hac vice*)
Mark K. Ostrowski (*pro hac vice*)
William J. Ronalter (*pro hac vice*)
One Constitution Plaza
Hartford, CT 06103-1919
Telephone: (860) 251-5000
Facsimile: (860) 251-5218
jbergen@goodwin.com
mostrowski@goodwin.com
wronalter@goodwin.com

*Attorneys for Plaintiff Wanda Ovalles, individually and P.P.A. A.O.*

**CERTIFICATION**

      This is to certify that on March 28, 2016, a copy of the foregoing was sent electronically to the following Parties:

Amato A. DeLuca, Esq.
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903
*Counsel for Wilson Ovalles*
Bud@delucaandweizenbaum.com

Robert J. Hafner, Esq.
Eckert, Seamans, Cherin & Mellott, LLC.
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
*Counsel for Sony Electronics and Best Buy*
rhafner@eckertseamans.com

John Kelleher, Esq.
Higgins, Cavanagh & Cooney, LLP
The Hay Building, 4th Floor
123 Dyer Street
Providence, RI 02903
*Counsel for Sony Electronics and Best Buy*
jkelleher@hcc-law.com

James M. Campbell, Esq.
David M. Rogers, Esq.
Diana A. Chang, Esq.
Campbell, Campbell, Edwards & Conroy
One Constitution Plaza
Boston, MA 02129
*Counsel for Sony Electronics*
jmcampbell@Campbell-trial-lawyers.com
drogers@campbell-trial-lawyers.com
dchang@campbell-trial-lawyers.com

Thomas C. Angelone, Esq.
Hodosh, Spinella & Angelone
One Turks Head Place Ste 810
Providence, RI 02903
*Counsel for Foxconn International, Inc*.
angelonelaw@aol.com

                                  */s/ Miriam Weizenbaum*_____

4674559v2