UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WANDA OVALLES, INDIVIDUALLY | : | |
| AND P.P.A. A. OVALLES AND | : | |
| WILSON OVALLES, | : | |
|     Plaintiffs | : | |
| | : | |
| v. | : | C.A. NO. 14-137M |
| | : | |
| SONY ELECTRONICS INC.; | : | |
| BEST BUY CO., INC.; FOXCONN | : | |
| INTERNATIONAL INC.; AND | : | |
| JOHN DOE CORPORATIONS 1-4, | : | |
|     Defendants | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT, SONY ELECTRONICS INC.'S MOTION FOR A PROTECTIVE ORDER REGARDING THE PLAINTIFFS' THREE RULE 30(b)(6) DEPOSITION NOTICES**

**FACTS AND BACKGROUND**

As the Court is aware as a result of pending motion practice before it, Sony Electronics Inc. ("SEL") and plaintiffs disagree about the appropriate scope of discovery in this case. Among the disagreements is whether plaintiffs are entitled to discovery regarding **all** Sony products containing lithium-ion batteries sold by SEL dating back to the year 2000 – as opposed to discovery regarding the model that was purchased by plaintiffs – the VAIO Model VPC-EB notebook computer, the BPS-22 battery pack, and the G6G lithium-ion battery cells. The parties have submitted extensive briefing setting forth their respective positions, and a hearing on Plaintiffs' Motions to Compel is currently scheduled for June 9, 2016.

Notwithstanding the pendency of their Motion, plaintiffs recently served three deposition notices pursuant to Fed. R. Civ. P. 30(b)(6), requesting that SEL designate a corporate

representative to testify about a variety of broad subject matters on May 24, 25 and 27 2016.[1] Among the matters set forth in the 30(b)(6) notices are topics regarding (a) reports of explosions, heat or fire-related incidents in all lithium-ion batteries manufactured by Sony or in Sony products from 2000 to the present, (b) recalls of all products with lithium-ion batteries from 2000 to the present and (c) inspection and testing of all lithium-ion batteries from 2005 through the present. SEL objected to the scope of the subject matters – in particular the requests for discovery regarding other models of computers, battery packs and lithium-ion battery cells – consistent with its previously-asserted position about the proper scope of discovery in the case. See SEL's Responses and Objections to the Deposition Notices, Exhibits A, B and C.[2]

To avoid burdening the Court with additional motion practice, and in light of the hearing already scheduled for June 9, SEL suggested that the 30(b)(6) depositions be postponed until **after** the Court had made rulings about the appropriate scope of discovery. See Exhibit D. Alternatively, SEL suggested that the depositions proceed in May, as plaintiffs demanded, but only on the subject matters that were not in dispute. Plaintiffs refused to agree to either suggestion, and instead insisted on proceeding with the depositions as noticed. See Exhibit E. Under the circumstances, SEL believes it is obligated to file this motion for a protective order pursuant to Fed. R. Civ. P. 26(c).

Accordingly, SEL requests that the Court enter an order adjourning the 30(b)(6) depositions until after the Court rules on the pending Motions to Compel. Additionally, SEL requests that the Court hear argument regarding this Motion for a Protective Order during the

---

[1] Plaintiffs had already served a 30(b)(6) deposition notice on SEL and had taken nearly five hours of testimony from SEL's corporate representative, Julio Posse, on April 23, 2015.

[2] SEL's legal positions about the proper scope of discovery are well known to the plaintiffs, having been discussed at multiple in-person and telephonic meet and confer conferences between counsel and fully described in memoranda filed with the court. See SEL's Memoranda in Opposition to the Plaintiffs' Motions to Compel and Supporting Materials, Docket Entries 47 and 55.

discovery motion hearing already set for June 9. SEL makes this request because the disagreement between the parties about the scope of discovery for the Rule 30(b)(6) depositions mirrors the pending dispute regarding plaintiffs' interrogatories and document requests to be addressed by the Court at that hearing.

## ARGUMENT

A.  The Rule 30(b)(6) Deposition Notices Served by Wilson Ovalles are Not Relevant to the Parties Claims or Defenses.

Fed. R. Civ. P. Rule 26(c) provides:

> "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending…. The court may, for good cause, issue an order to protect the party or person from annoyance, embarrassment, oppression or undue burden or expense, including one or more of the following:
> …
>> (B) Specifying the terms, including time, place and/or the allocation of expenses, for the disclosure of discovery; …
>> (D) Forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; …"

In their deposition notices, plaintiffs seek testimony about subject matters that are not relevant to the parties' claims or defenses. The parties' factual and legal positions regarding the appropriate scope of discovery in the case are fully described in the memoranda filed in support of and in opposition to the motions to strike and compel which are currently scheduled for hearing on June 9, 2016. Rather than burden the Court with a redundant recitation of the arguments, SEL respectfully refers the Court to, and it incorporates herein, the arguments set forth in the memoranda it filed in opposition to the scheduled motions, *i.e.*, SEL's Memorandum of Law and in Opposition to Plaintiffs' Motion to Strike Objections and Compel Supplemental Discovery Responses from Sony Electronics, Inc. (Document No. 47) and SEL's Sur-Reply in

Opposition to Plaintiffs' Motion to Strike Objections and Compel Supplemental Discovery Responses from Sony Electronics, Inc. (Document No. 55).

To summarize SEL's position, discovery of information relating to laptops other than the VAIO Model VPC-EB laptop sold to the Ovalles family is not relevant to the parties' claims or defenses because, as set forth in detail in the memoranda, laptops fundamentally differ from each other in their heat generating and mitigating characteristics. Similarly, discovery relating to battery packs and cells other than the BPS-22 pack and G6G cells are beyond the scope of permissible discovery because battery cells that pre-existed the cell used in the Ovalles laptop are substantially dissimilar in both their design and manufacture.

      B.      <u>The Depositions of SEL and Mr. Posse Should be Adjourned Pending the Resolution of the Issues Regarding the Scope of Discovery.</u>

A good faith disagreement exists between SEL and the plaintiffs about the appropriate scope of subject matters for inquiry at SEL's 30(b)(6) depositions. The issues underlying the dispute are substantial and have been briefed extensively in the context of the plaintiffs' pending motions to compel which are scheduled for hearing on June 9, 2016. SEL respectfully suggests that the Court address the substantive issues underlying SEL's motion for protective order at the same time it decides the plaintiffs' motions to compel because the issues underlying each are the same and the decisions to be made about the plaintiffs' motion to compel will directly inform the Court's decision on the Rule 30(b)(6) subject matters of inquiry. Because the plaintiffs have insisted on going forward with the scheduled depositions before the Court issues its ruling, SEL respectfully requests that, in the interim, the Court enter an order adjourning the Rule 30(b)(6) depositions until it rules on the pending motions.

      C.      <u>The Depositions of SEL and Mr. Posse Should Be Limited to an Additional Two Days</u>.

Fed. R. Civ. P. Rule 30(d)(1) establishes a presumptive limit on the duration of depositions. "Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." The Advisory Committee Notes to the 2000 Amendments to the rule also clearly state that the seven hour limit per designee applies for depositions of parties under Fed. R. Civ. P. 30(b)(6). Accordingly, by operation of the Federal Rules, plaintiffs' 30(b)(6) deposition of SEL cannot consume more than one day absent court order. Plaintiffs previously served a 30(b)(6) notice on SEL, and deposed its corporate representative, Julio Posse, on April 23, 2015.[3] Nevertheless, and in violation of the Federal Rules, the plaintiffs have advised SEL that they intend to depose Mr. Posse, as SEL's corporate designee (and in his personal capacity), for **four** additional days pursuant to their latest round of 30(b)(6) notices. As a compromise, SEL has offered to allow an additional two days for the deposition of SEL and Mr. Posse together. Accordingly, defendant requests that the Court limit the time for the taking of the depositions of SEL and Mr. Posse to two additional days, absent good cause shown following the conclusion of the second day of depositions.

## **CONCLUSION**

For the reasons stated above, defendant, SEL, respectfully requests that this Court grant its motion for a protective order. Specifically, SEL requests that the Court enter an order adjourning the deposition of SEL and Mr. Posse until after it rules on the pending motions to be heard at the June 9th hearing; that the Court enter an order limiting the scope of inquiry for the proposed SEL depositions; and that the Court enter an order limiting the continued deposition of SEL and Mr. Posse to a total of two additional days – seven hours each day.

---

[3] The deposition of Mr. Posse on April 23, 2015 was taken in both his personal capacity and in his capacity as SEL's corporate representative, at plaintiffs' insistence.

SONY ELECTRONICS INC.

By its attorneys,

*/s/ John F. Kelleher, Esq.*
Gerald C. DeMaria, Esq. (#0637)
John F. Kelleher, Esq. (#3854)
HIGGINS, CAVANAGH & COONEY, LLP
123 Dyer Street
Providence, RI 02903-3987
401-272-3500


/s/ *David M. Rogers*

David M. Rogers (Admitted Pro Hac Vice)
CAMPBELL CAMPBELL EDWARDS &
CONROY P.C.
One Constitution Center, 3rd Floor
Boston, MA 02129
(617) 241-3000

/s/ *Robert J. Hafner, Esq.*

Robert J. Hafner (Admitted Pro Hac Vice)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two Liberty Place, 22nd Floor
50 S. 16th Street
Philadelphia, PA 19102
(215) 851-8400


**CERTIFICATE OF SERVICE**


    I, John F. Kelleher, certify that on the   11th   day of May, 2016, a true copy of the within was filed electronically and it is available for viewing and downloading from the ECF system. Counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island.

     */s/ John F. Kelleher*