UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

WANDA OVALLES, INDIVIDUALLY
AND P.P.A ADRIAN OVALLES AND WILSON
OVALLES,

                          Plaintiffs,

- against -

SONY ELECTRONICS INC., BEST BUY CO., INC.,
FOXCONN INTERNATIONAL, INC., AND JOHN
DOE CORPORATIONS 1-4,

                          Defendants.

Case No. 1:14-CV-137-M-PAS

**SONY ELECTRONICS INC.'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S AMENDED NOTICE TO TAKE VIDEO DEPOSITION
OF SONY ELECTRONICS INC. ON MAY 27, 2016**

Sony Electronics Inc. ("SEL") hereby responds and objects to the plaintiffs' amended notice to take videotape deposition on May 27, 2016.

SEL objects to the date selected for the deposition on the grounds that the person who will be designated to testify as well as SEL's counsel are not available due to other business commitments. SEL proposes that that the deposition proceed on May 25th, a date selected by plaintiffs' counsel which is also convenient for the designee and counsel for SEL. SEL further objects to the deposition proceeding longer than the seven hour time limit imposed by Fed. R. Civ. P. 30(d)(2). Since one person is being designated to testify by SEL in response to the subject matters of inquiry under Fed. R. Civ. P. 30(b)(6), and a deposition of the SEL designee pursuant to the rule has already taken place, SEL objects to the deposition extending beyond the total time limit of seven hours.

Subject Matter of Inquiry 1.

The creation, content and distribution of reports concerning in any way lithium-ion cells and batteries from Underwriters Laboratories (UL) for lithium-ion cells and batteries contained within products distributed by SEL from October 2005 to the present, including, but not limited to, the testing upon which such reports are based, the criteria for compliance with UL 1624 and 2054 and how compliance is determined, the information provided to UL by Sony Electronics, Inc., all uses to which UL reports are put, the purpose and function of UL reports, who may be an applicant, whether such reports are required by any agency or entity exercising oversight, and the costs associated with such reports to the applicant.

Response 1.

SEL agrees to designate a person to testify about information known and reasonably available to it concerning the subject matters described concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014 and the documents produced by SEL bearing production numbers SEL 478 – 755.

Notwithstanding its response, SEL objects to the scope of this subject matter of inquiry for all of the reasons set forth in its memoranda and supporting materials filed in opposition to the plaintiffs' motion to compel which is now scheduled for hearing on June 9, 2016. See ECF Docket Entries 47 and 55. Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product. Therefore, SEL objects to designating a witness to testify about the subject matters described for lithium-ion cells in all products distributed by SEL because such information is not relevant to the parties' claims and defenses in the case and the burden and expense of doing so is outweighed by the benefit of the information sought under Fed. R. Civ. P.

2

26(b)(1).

<u>Subject Matter of Inquiry 2.</u>

All of the above specifically with respect to every UL report produced by SEL in the instant action.

<u>Response 2.</u>

SEL agrees to designate a person to testify about information known and reasonably available to it concerning the subject matters described concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014 and the documents produced by SEL bearing production numbers SEL 478 – 755.

Notwithstanding its response, SEL objects to the scope of this subject matter of inquiry for all of the reasons set forth in its memoranda and supporting materials filed in opposition to the plaintiffs' motion to compel which is now scheduled for hearing on June 9, 2016. <u>See</u> ECF Docket Entries 47 and 55. Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product. Therefore, SEL objects to designating a witness to testify about the subject matters described for lithium-ion cells in all products distributed by SEL because such information is not relevant to the parties' claims and defenses in the case and the burden and expense of doing so is outweighed by the benefit of the information sought under Fed. R. Civ. P. 26(b)(1).

<u>Document Request 1.</u>

The creation, content and distribution of reports concerning in any way lithium-ion cells and batteries from Underwriters Laboratories (UL) for lithium-ion cells and batteries contained within products distributed by SEL from October 2005 to the present, including, but not limited

to, the testing upon which such reports are based, the criteria for compliance with UL 1624 and 2054 and how compliance is determined, the information provided to UL by Sony Electronics, Inc., all uses to which UL reports are put, the purpose and function of UL reports, who may be an applicant, whether such reports are required by any agency or entity exercising oversight, and the costs associated with such reports to the applicant.

Response 1.

SEL objects to this request on the grounds that it fails to describe the documents or materials sought with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A). SEL further objects to this request on the grounds that it is overly broad and unduly burdensome and is not directed toward material or information which is relevant to the claims and defenses of the parties in the case as required by Fed. R. Civ. P. 26(b)(1). Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product. SEL further objects to this request to the extent that it could be interpreted to seek the production of materials which are protected from disclosure by the attorney-client privilege, the work product doctrine and/or Fed. R. Civ. P. 26(b)(3) and (4). Notwithstanding the foregoing objections, SEL refers the plaintiffs to the documents produced by SEL bearing production numbers SEL 478 – 755.

Document Request 2.

All of the above specifically with respect to every UL report produced by SEL in the instant action.

Response 2.

SEL objects to this request on the grounds that it fails to describe the documents or materials sought with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A). SEL

further objects to this request on the grounds that it is overly broad and unduly burdensome and is not directed toward material or information which is relevant to the claims and defenses of the parties in the case as required by Fed. R. Civ. P. 26(b)(1). Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product. SEL further objects to this request to the extent that it could be interpreted to seek the production of materials which are protected from disclosure by the attorney-client privilege, the work product doctrine and/or Fed. R. Civ. P. 26(b)(3) and (4). Notwithstanding the foregoing objections, SEL refers the plaintiffs to the documents produced by SEL bearing production numbers SEL 478 – 755.

SONY ELECTRONICS INC.
By its Attorneys,

_JFK (per)_
John F. Kelleher
Higgins Cavanagh & Cooney LLP
123 Dyer Street
Providence, RI 02903
(401) 272-3500

_RJH (per)_
Robert J. Hafner, Esq.
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place, 22nd Floor
50 S. 16th Street
Philadelphia, PA 19102
(215) 851-8457

_[signature]_
James M. Campbell
David M. Rogers
Campbell Campbell Edwards & Conroy PC
One Constitution Center, 3rd Floor
Boston, MA 02129
(617) 241-3000

## **CERTIFICATE OF SERVICE**

I, hereby certify that a true copy of the above document was served upon the following attorneys of record for each party by mail on April 28, 2016:

Miriam Weizenbaum, Esquire
Amato A. DeLuca, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903
*Counsel for Wilson Ovalles*

James W. Bergenn, Esquire
Mark K. Ostrowski, Esquire
William J. Ronalter, Esquire
Shipman & Goodwin, LLP
One Constitution Plaza
Hartford, CT 06103
*Counsel for Plaintiffs Wanda Ovalles and Adrian Ovalles*

Thomas C. Angelone, Esq.
Hodosh, Spinella & Angelone
One Turks Head Place Ste 810
Providence, RI 02903
*Counsel for Foxconn International, Inc.*

_____
David M. Rogers