UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

WANDA OVALLES, INDIVIDUALLY
AND P.P.A ADRIAN OVALLES AND WILSON
OVALLES,

                        Plaintiffs,

- against -

SONY ELECTRONICS INC., BEST BUY CO., INC.,
FOXCONN INTERNATIONAL, INC., AND JOHN
DOE CORPORATIONS 1-4,

                        Defendants.

Case No. 1:14-CV-137-M-PAS

### SONY ELECTRONICS INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S AMENDED NOTICE TO TAKE CONTINUED VIDEO DEPOSITION OF SONY ELECTRONICS INC. ON MAY 5, 2016

Sony Electronics Inc. ("SEL") hereby responds and objects to the plaintiffs' amended notice to take videotape deposition on May 5, 2016.

SEL objects to the date selected for the deposition on the grounds that SEL's counsel is not available due to other business commitments. It proposes that that the deposition proceed on May 25th, a date selected by plaintiffs' counsel which is also convenient for the designee and counsel for SEL. SEL further objects to the deposition proceeding longer than the seven hour time limit imposed by Fed. R. Civ. P. 30(d)(2). Since one person is being designated to testify by SEL in response to the subject matters of inquiry under Fed. R. Civ. P. 30(b)(6), and a deposition of the SEL designee pursuant to the rule has already taken place, SEL objects to the deposition extending beyond the total time limit of seven hours.

Subject Matter of Inquiry 1.

Information concerning all explosions, heat or fire related incidents that occurred with respect to any lithium ion cells or batteries from 2000 to date.

Such information is to include but not be limited to:

a. Date, time, place, and description of each incident;

b. Product, item or event involved;

c. Manufacturer of cell, battery, and product, item or event;

d. Publicity resulting from incident;

e. Cause of the incident, if known;

f. Damage caused to persons or property from each incident;

g. Investigation into each incident, including: (i) names of people involved; (ii) results of the investigation; (iii) assessment of responsibility; (iv) changes made by SEL as result; and (v) any documentation.

Response 1.

SEL agrees to designate a person to testify about information known and reasonably available to it concerning the subject matters described concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014 and the documents produced by SEL bearing production numbers SEL 2001 – 3723.

Notwithstanding its response, SEL objects to the scope of this subject matter of inquiry for all of the reasons set forth in its memoranda and supporting materials filed in opposition to the plaintiffs' motion to compel which is now scheduled for hearing on June 9, 2016. See ECF Docket Entries 47 and 55. Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to

any other product. Therefore, SEL objects to designating a witness to testify about the subject matters described for lithium-ion cells in all products distributed by SEL because such information is not relevant to the parties' claims and defenses in the case and the burden and expense of doing so is outweighed by the benefit of the information sought under Fed. R. Civ. P. 26(b)(1).

Subject Matter of Inquiry 2.

Information concerning recalls of any product or item containing lithium ion cells or batteries from 2000 to date.

Response 2.

SEL agrees to designate a person to testify about information known and reasonably available to it concerning the subject matters described concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014 and the documents produced by SEL bearing production numbers SEL 2001 – 3723.

Notwithstanding its response, SEL objects to the scope of this subject matter of inquiry for all of the reasons set forth in its memoranda and supporting materials filed in opposition to the plaintiffs' motion to compel which is now scheduled for hearing on June 9, 2016. See ECF Docket Entries 47 and 55. Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product. Therefore, SEL objects to designating a witness to testify about the subject matters described for lithium-ion cells in all products distributed by SEL because such information is not relevant to the parties' claims and defenses in the case and the burden and expense of doing so is outweighed by the benefit of the information sought under Fed. R. Civ. P. 26(b)(1).

Subject Matter of Inquiry 3.

Communications concerning explosions, heat or fire related incidents associated with lithium ion cells or batteries between or among SEL and any other entities.

Such other entities are to include but not be limited to:

a. any entity involved in design, manufacture, testing or distribution of any product line or item that includes among its components lithium ion cells or batteries;

b. Sony Corporation, Sony Corporation of America, Sony Electronics (Wuxi) Co., Ltd., and Sony Energy Devices Corporation, or any other Sony Group member;

c. Foxconn International, Inc.;

d. the U.S. Federal Aviation Administration,

e. the U.S. Consumer Product Safety Commission;

f. any other governmental entities or non-governmental entities.

Response 3.

SEL agrees to designate a person to testify about information known and reasonably available to it concerning the subject matters described concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014 and the documents produced by SEL bearing production numbers SEL 2001 – 3723.

Notwithstanding its response, SEL objects to the scope of this subject matter of inquiry for all of the reasons set forth in its memoranda and supporting materials filed in opposition to the plaintiffs' motion to compel which is now scheduled for hearing on June 9, 2016. See ECF Docket Entries 47 and 55. Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product. Therefore, SEL objects to designating a witness to testify about the subject

matters described for lithium-ion cells in all products distributed by SEL because such information is not relevant to the parties' claims and defenses in the case and the burden and expense of doing so is outweighed by the benefit of the information sought under Fed. R. Civ. P. 26(b)(1).

Subject Matter of Inquiry 4.

Any and all protocols, practices, policies relating to any reports of explosions, heat or fire related incidents that occurred with respect to any product or item containing lithium ion cells or batteries from 2000 to date.

Response 4.

SEL agrees to designate a person to testify about information known and reasonably available to it concerning the subject matters described concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014 and the documents produced by SEL bearing production numbers SEL 2001 – 3723.

Notwithstanding its response, SEL objects to the scope of this subject matter of inquiry for all of the reasons set forth in its memoranda and supporting materials filed in opposition to the plaintiffs' motion to compel which is now scheduled for hearing on June 9, 2016. See ECF Docket Entries 47 and 55. Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product. Therefore, SEL objects to designating a witness to testify about the subject matters described for lithium-ion cells in all products distributed by SEL because such information is not relevant to the parties' claims and defenses in the case and the burden and expense of doing so is outweighed by the benefit of the information sought under Fed. R. Civ. P. 26(b)(1).

Subject Matter of Inquiry 5.

The identity and responsibilities of all SEL employees or agents involved in responding to reports of any explosions, heat or fire related incidents associated with lithium ion cells or batteries.

Response 5.

SEL agrees to designate a person to testify about information known and reasonably available to it concerning the subject matters described concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014 and the documents produced by SEL bearing production numbers SEL 2001 – 3723.

Notwithstanding its response, SEL objects to the scope of this subject matter of inquiry for all of the reasons set forth in its memoranda and supporting materials filed in opposition to the plaintiffs' motion to compel which is now scheduled for hearing on June 9, 2016. See ECF Docket Entries 47 and 55. Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product. Therefore, SEL objects to designating a witness to testify about the subject matters described for lithium-ion cells in all products distributed by SEL because such information is not relevant to the parties' claims and defenses in the case and the burden and expense of doing so is outweighed by the benefit of the information sought under Fed. R. Civ. P. 26(b)(1).

Subject Matter of Inquiry 6.

The identity and responsibilities of all persons other than SEL employees or agents involved in responding to reports of explosions, heat or fire related incidents associated with lithium ion cells or batteries. 6

Response 6.

SEL agrees to designate a person to testify about information known and reasonably available to it concerning the subject matters described concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014 and the documents produced by SEL bearing production numbers SEL 2001 – 3723.

Notwithstanding its response, SEL objects to the scope of this subject matter of inquiry for all of the reasons set forth in its memoranda and supporting materials filed in opposition to the plaintiffs' motion to compel which is now scheduled for hearing on June 9, 2016. See ECF Docket Entries 47 and 55. Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product. Therefore, SEL objects to designating a witness to testify about the subject matters described for lithium-ion cells in all products distributed by SEL because such information is not relevant to the parties' claims and defenses in the case and the burden and expense of doing so is outweighed by the benefit of the information sought under Fed. R. Civ. P. 26(b)(1).

Subject Matter of Inquiry 7.

Documentation of any explosions, heat or fire related incidents associated with lithium ion cells or batteries.

Response 7.

SEL agrees to designate a person to testify about information known and reasonably available to it concerning the subject matters described concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014 and the documents produced by SEL bearing production numbers SEL 2001 – 3723.

Notwithstanding its response, SEL objects to the scope of this subject matter of inquiry for all of the reasons set forth in its memoranda and supporting materials filed in opposition to the plaintiffs' motion to compel which is now scheduled for hearing on June 9, 2016. See ECF Docket Entries 47 and 55. Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product. Therefore, SEL objects to designating a witness to testify about the subject matters described for lithium-ion cells in all products distributed by SEL because such information is not relevant to the parties' claims and defenses in the case and the burden and expense of doing so is outweighed by the benefit of the information sought under Fed. R. Civ. P. 26(b)(1).

Subject Matter of Inquiry 8.

Documentation of any responses to explosions, heat or fire related incidents associated with lithium ion cells or batteries.

Response 8.

SEL agrees to designate a person to testify about information known and reasonably available to it concerning the subject matters described concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014 and the documents produced by SEL bearing production numbers SEL 2001 – 3723.

Notwithstanding its response, SEL objects to the scope of this subject matter of inquiry for all of the reasons set forth in its memoranda and supporting materials filed in opposition to the plaintiffs' motion to compel which is now scheduled for hearing on June 9, 2016. See ECF Docket Entries 47 and 55. Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to

any other product. Therefore, SEL objects to designating a witness to testify about the subject matters described for lithium-ion cells in all products distributed by SEL because such information is not relevant to the parties' claims and defenses in the case and the burden and expense of doing so is outweighed by the benefit of the information sought under Fed. R. Civ. P. 26(b)(1).

Subject Matter of Inquiry 9.

SEL's responses dated February 27, 2015 to (a) Plaintiffs' First Set of Interrogatories of Plaintiffs, (b) Interrogatories of Wilson Ovalles, and (c) Requests for Production of Documents of Plaintiffs 7.

Response 9.

SEL agrees to designate a person to testify about these subject matters and the documents produced by SEL bearing production numbers SEL 2001 – 3723.

Notwithstanding its response, SEL objects to the scope of this subject matter of inquiry for all of the reasons set forth in its memoranda and supporting materials filed in opposition to the plaintiffs' motion to compel which is now scheduled for hearing on June 9, 2016. See ECF Docket Entries 47 and 55. Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product. Therefore, SEL objects to designating a witness to testify about the subject matters described for lithium-ion cells in all products distributed by SEL because such information is not relevant to the parties' claims and defenses in the case and the burden and expense of doing so is outweighed by the benefit of the information sought under Fed. R. Civ. P. 26(b)(1).

Document Request 1.

Sony Electronics organizational charts from 2005 to the present, including the current operative organization chart.

Response 1.

SEL objects to this request on the grounds that it fails to describe the documents or materials sought with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A). SEL further objects to this request on the grounds that it is overly broad and unduly burdensome and is not directed toward material or information which is relevant to the claims and defenses of the parties in the case as required by Fed. R. Civ. P. 26(b)(1).

Document Request 2.

Internal Sony Electronics documents that set forth (a) the job description of a "Director" generally; (b) the job description of "Director of Corporate Product Safety" specifically; and (c) the function served by the "Product Safety Group".

Response 2.

SEL objects to this request on the grounds that it fails to describe the documents or materials sought with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A). SEL further objects to this request on the grounds that it is overly broad and unduly burdensome and is not directed toward material or information which is relevant to the claims and defenses of the parties in the case as required by Fed. R. Civ. P. 26(b)(1).

Document Request 3.

Contract(s) (including any amendments) between Sony Electronics and Foxconn International, Inc. to purchase, import, distribute, market and sell Sony VAIO notebooks, from 2005 to the present.

Response 3.

SEL objects to this request on the grounds that it fails to describe the documents or materials sought with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A). SEL further objects to this request on the grounds that it is overly broad and unduly burdensome and is not directed toward material or information which is relevant to the claims and defenses of the parties in the case as required by Fed. R. Civ. P. 26(b)(1).

Notwithstanding the foregoing objection or its General Objections, SEL will produce or has produced non-privileged documents in its possession, custody or control responsive to this request.

SONY ELECTRONICS INC.
By its Attorneys,

JFK (/s/)
_____
John F. Kelleher
Higgins Cavanagh & Cooney LLP
123 Dyer Street
Providence, RI 02903
(401) 272-3500

RJH (/s/)
_____
Robert J. Hafner, Esq.
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place, 22nd Floor
50 S. 16th Street
Philadelphia, PA 19102
(215) 851-8457

_____
James M. Campbell
David M. Rogers
Campbell Campbell Edwards & Conroy PC
One Constitution Center, 3rd Floor
Boston, MA 02129
(617) 241-3000

## **CERTIFICATE OF SERVICE**

I, hereby certify that a true copy of the above document was served upon the following attorneys of record for each party by mail on April 28, 2016:

Miriam Weizenbaum, Esquire
Amato A. DeLuca, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903
*Counsel for Wilson Ovalles*

James W. Bergenn, Esquire
Mark K. Ostrowski, Esquire
William J. Ronalter, Esquire
Shipman & Goodwin, LLP
One Constitution Plaza
Hartford, CT 06103
*Counsel for Plaintiffs Wanda Ovalles and Adrian Ovalles*

Thomas C. Angelone, Esq.
Hodosh, Spinella & Angelone
One Turks Head Place Ste 810
Providence, RI 02903
*Counsel for Foxconn International, Inc.*

_____
David M. Rogers