UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

WANDA OVALLES, INDIVIDUALLY
AND P.P.A ADRIAN OVALLES AND WILSON
OVALLES,

                                  Plaintiffs,

            - against -                                            Case No. 1:14-CV-137-M-PAS

SONY ELECTRONICS INC., BEST BUY CO., INC.,
FOXCONN INTERNATIONAL, INC., AND JOHN
DOE CORPORATIONS 1-4,

                                  Defendants.

**SONY ELECTRONICS INC.'S RESPONSES AND OBJECTIONS
TO PLAINTIFFS' AMENDED NOTICE TO TAKE VIDEO DEPOSITION
OF SONY ELECTRONICS INC. ON MAY 25, 2016**

Sony Electronics Inc. ("SEL") hereby responds and objects to the plaintiffs' amended

notice to take videotape deposition on May 25, 2016.

SEL objects to the deposition proceeding longer than the seven hour time limit imposed

by Fed. R. Civ. P. 30(d)(2). Since one person is being designated to testify by SEL in response

to the subject matters of inquiry under Fed. R. Civ. P. 30(b)(6), and a deposition of the SEL

designee pursuant to the rule has already taken place, SEL objects to the deposition extending

beyond the total time limit of seven hours.

Subject Matter of Inquiry 1.

All means by which a lithium-ion cell contained within products distributed by SEL from

October 2005 to the present can develop an internal short circuit, including but not limited to

each failure mode that can result in this event, each condition that can or may cause this event

and each condition that can or may contribute to this event.

1

Response 1.

SEL agrees to designate a person to testify about information known and reasonably available to it concerning the subject matters described concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014.

Notwithstanding its response, SEL objects to the scope of this subject matter of inquiry for all of the reasons set forth in its memoranda and supporting materials filed in opposition to the plaintiffs' motion to compel which is now scheduled for hearing on June 9, 2016. See ECF Docket Entries 47 and 55. Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product. Therefore, SEL objects to designating a witness to testify about the subject matters described for lithium-ion cells in all products distributed by SEL because such information is not relevant to the parties' claims and defenses in the case and the burden and expense of doing so is outweighed by the benefit of the information sought under Fed. R. Civ. P. 26(b)(1).

Subject Matter of Inquiry 2.

All means by which a lithium-ion cell contained within products distributed by SEL from October 2005 to the present can experience venting, including but not limited to each failure mode that can result in this event, each condition that can or may cause this event and each condition that can or may contribute to this event.

Response 2.

SEL agrees to designate a person to testify about information known and reasonably available to it concerning the subject matters described concerning VAIO model VPC-EB

notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014.

Notwithstanding its response, SEL objects to the scope of this subject matter of inquiry for all of the reasons set forth in its memoranda and supporting materials filed in opposition to the plaintiffs' motion to compel which is now scheduled for hearing on June 9, 2016. See ECF Docket Entries 47 and 55. Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product. Therefore, SEL objects to designating a witness to testify about the subject matters described for lithium-ion cells in all products distributed by SEL because such information is not relevant to the parties' claims and defenses in the case and the burden and expense of doing so is outweighed by the benefit of the information sought under Fed. R. Civ. P. 26(b)(1).

Subject Matter of Inquiry 3.

All means by which a lithium-ion cell contained within products distributed by SEL from October 2005 to the present can experience thermal runaway, including but not limited to each failure mode that can result in this event, each condition that can or may cause this event and each condition that can or may contribute to this event.

Response 3.

SEL agrees to designate a person to testify about information known and reasonably available to it concerning the subject matters described concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014.

Notwithstanding its response, SEL objects to the scope of this subject matter of inquiry

for all of the reasons set forth in its memoranda and supporting materials filed in opposition to the plaintiffs' motion to compel which is now scheduled for hearing on June 9, 2016. See ECF Docket Entries 47 and 55. Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product.  Therefore, SEL objects to designating a witness to testify about the subject matters described for lithium-ion cells in all products distributed by SEL because such information is not relevant to the parties' claims and defenses in the case and the burden and expense of doing so is outweighed by the benefit of the information sought under Fed. R. Civ. P. 26(b)(1).

Subject Matter of Inquiry 4.

All means by which the manufacture of lithium-ion cells contained within products distributed by SEL from October 2005 to the present were monitored, inspected and/or tested to prevent or reduce the risk of internal short circuits.

Response 4.

SEL agrees to designate a person to testify about information known and reasonably available to it concerning the subject matters described concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014.

Notwithstanding its response, SEL objects to the scope of this subject matter of inquiry for all of the reasons set forth in its memoranda and supporting materials filed in opposition to the plaintiffs' motion to compel which is now scheduled for hearing on June 9, 2016. See ECF Docket Entries 47 and 55. Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to

4

any other product.  Therefore, SEL objects to designating a witness to testify about the subject matters described for lithium-ion cells in all products distributed by SEL because such information is not relevant to the parties' claims and defenses in the case and the burden and expense of doing so is outweighed by the benefit of the information sought under Fed. R. Civ. P. 26(b)(1).

Subject Matter of Inquiry 5.

All means by which the manufacture of lithium-ion cells contained within products distributed by SEL from October 2005 to the present were monitored, inspected and/or tested to prevent or reduce the risk of venting.

Response 5.

SEL agrees to designate a person to testify about information known and reasonably available to it concerning the subject matters described concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014.

Notwithstanding its response, SEL objects to the scope of this subject matter of inquiry for all of the reasons set forth in its memoranda and supporting materials filed in opposition to the plaintiffs' motion to compel which is now scheduled for hearing on June 9, 2016. See ECF Docket Entries 47 and 55. Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product.  Therefore, SEL objects to designating a witness to testify about the subject matters described for lithium-ion cells in all products distributed by SEL because such information is not relevant to the parties' claims and defenses in the case and the burden and expense of doing so is outweighed by the benefit of the information sought under Fed. R. Civ. P.

26(b)(1).

Subject Matter of Inquiry 6.

All means by which the manufacture of lithium-ion cells contained within products distributed by SEL from October 2005 to the present were monitored, inspected and/or tested to prevent or reduce the risk of thermal runaway.

Response 6.

SEL agrees to designate a person to testify about information known and reasonably available to it concerning the subject matters described concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014.

Notwithstanding its response, SEL objects to the scope of this subject matter of inquiry for all of the reasons set forth in its memoranda and supporting materials filed in opposition to the plaintiffs' motion to compel which is now scheduled for hearing on June 9, 2016. See ECF Docket Entries 47 and 55. Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product.  Therefore, SEL objects to designating a witness to testify about the subject matters described for lithium-ion cells in all products distributed by SEL because such information is not relevant to the parties' claims and defenses in the case and the burden and expense of doing so is outweighed by the benefit of the information sought under Fed. R. Civ. P. 26(b)(1).

Subject Matter of Inquiry 7.

All means by which lithium-ion cells contained within products distributed by SEL from October 2005 to the present were designed to prevent or reduce the risk of internal short circuits.

Response 7.

SEL agrees to designate a person to testify about information known and reasonably available to it concerning the subject matters described concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014.

Notwithstanding its response, SEL objects to the scope of this subject matter of inquiry for all of the reasons set forth in its memoranda and supporting materials filed in opposition to the plaintiffs' motion to compel which is now scheduled for hearing on June 9, 2016. See ECF Docket Entries 47 and 55. Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product.  Therefore, SEL objects to designating a witness to testify about the subject matters described for lithium-ion cells in all products distributed by SEL because such information is not relevant to the parties' claims and defenses in the case and the burden and expense of doing so is outweighed by the benefit of the information sought under Fed. R. Civ. P. 26(b)(1).

Subject Matter of Inquiry 8.

All means by which lithium-ion cells contained within products distributed by SEL from October 2005 to the present were designed to prevent or reduce the risk of venting.

Response 8.

SEL agrees to designate a person to testify about information known and reasonably available to it concerning the subject matters described concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014.

Notwithstanding its response, SEL objects to the scope of this subject matter of inquiry for all of the reasons set forth in its memoranda and supporting materials filed in opposition to the plaintiffs' motion to compel which is now scheduled for hearing on June 9, 2016. See ECF Docket Entries 47 and 55. Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product.  Therefore, SEL objects to designating a witness to testify about the subject matters described for lithium-ion cells in all products distributed by SEL because such information is not relevant to the parties' claims and defenses in the case and the burden and expense of doing so is outweighed by the benefit of the information sought under Fed. R. Civ. P. 26(b)(1).

Subject Matter of Inquiry 9.

All means by which in products contained within products distributed by SEL containing lithium-ion cells from October 2005 to the present were designed to prevent or reduce the risk of thermal runaway.

Response 9.

SEL agrees to designate a person to testify about information known and reasonably available to it concerning the subject matters described concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014.

Notwithstanding its response, SEL objects to the scope of this subject matter of inquiry for all of the reasons set forth in its memoranda and supporting materials filed in opposition to the plaintiffs' motion to compel which is now scheduled for hearing on June 9, 2016. See ECF Docket Entries 47 and 55. Plaintiffs have made no showing that the Ovalles VAIO model VPC-

EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product. Therefore, SEL objects to designating a witness to testify about the subject matters described for lithium-ion cells in all products distributed by SEL because such information is not relevant to the parties' claims and defenses in the case and the burden and expense of doing so is outweighed by the benefit of the information sought under Fed. R. Civ. P. 26(b)(1).

Subject Matter of Inquiry 10.

All risks to consumers known by SEL associated with the occurrence of an internal short circuit, venting or thermal runaway in products distributed by SEL containing lithium-ion cells from October 2005 to the present.

Response 10.

SEL agrees to designate a person to testify about information known and reasonably available to it concerning the subject matters described concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014.

Notwithstanding its response, SEL objects to the scope of this subject matter of inquiry for all of the reasons set forth in its memoranda and supporting materials filed in opposition to the plaintiffs' motion to compel which is now scheduled for hearing on June 9, 2016. See ECF Docket Entries 47 and 55. Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product. Therefore, SEL objects to designating a witness to testify about the subject matters described for lithium-ion cells in all products distributed by SEL because such information is not relevant to the parties' claims and defenses in the case and the burden and

expense of doing so is outweighed by the benefit of the information sought under Fed. R. Civ. P. 26(b)(1).

Subject Matter of Inquiry 11.

All standards that apply or concern in any way the manufacture of lithium-ion cells contained within products distributed by SEL from October 2005 to the present, including but not limited to standards that concern the prevention of an internal short circuit, venting or thermal runaway in lithium-ion cells.

Response 11.

SEL agrees to designate a person to testify about information known and reasonably available to it concerning the subject matters described concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014.

Notwithstanding its response, SEL objects to the scope of this subject matter of inquiry for all of the reasons set forth in its memoranda and supporting materials filed in opposition to the plaintiffs' motion to compel which is now scheduled for hearing on June 9, 2016. See ECF Docket Entries 47 and 55. Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product. Therefore, SEL objects to designating a witness to testify about the subject matters described for lithium-ion cells in all products distributed by SEL because such information is not relevant to the parties' claims and defenses in the case and the burden and expense of doing so is outweighed by the benefit of the information sought under Fed. R. Civ. P. 26(b)(1).

Document Request 1.

The means by which a lithium-ion cell contained within products distributed by SEL from October 2005 to the present can develop an internal short circuit, venting and/or thermal runaway including but not limited to documents concerning each failure mode that can result in this event, each failure mode and effects analysis, each condition that can or may cause this event, each condition that can or may contribute to this event, internal memoranda, email, communications, submissions to regulatory agencies.

Response 1.

SEL objects to this request on the grounds that it fails to describe the documents or materials sought with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A). SEL further objects to this request on the grounds that it is overly broad and unduly burdensome and is not directed toward material or information which is relevant to the claims and defenses of the parties in the case as required by Fed. R. Civ. P. 26(b)(1). Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product. SEL further objects to this request to the extent that it could be interpreted to seek the production of materials which are protected from disclosure by the attorney-client privilege, the work product doctrine and/or Fed. R. Civ. P. 26(b)(3) and (4). Notwithstanding the foregoing objections, SEL will produce or has produced non-privileged documents in its possession, custody or control responsive to this request VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014.

Document Request 2.

The means by which the manufacture of lithium-ion cells within products distributed by

SEL from October 2005 to the present were monitored, inspected and/or tested to prevent or reduce the risk of internal short circuits, venting and/or thermal runaway, including but not limited to test materials, monitoring schedules, inspection records, fault records, internal memoranda, email, communications, submissions to regulatory agencies.

Response 2.

SEL objects to this request on the grounds that it fails to describe the documents or materials sought with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A). SEL further objects to this request on the grounds that it is overly broad and unduly burdensome and is not directed toward material or information which is relevant to the claims and defenses of the parties in the case as required by Fed. R. Civ. P. 26(b)(1). Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product. SEL further objects to this request to the extent that it could be interpreted to seek the production of materials which are protected from disclosure by the attorney-client privilege, the work product doctrine and/or Fed. R. Civ. P. 26(b)(3) and (4). Notwithstanding the foregoing objections, SEL will produce or has produced non-privileged documents in its possession, custody or control responsive to this request concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014.

Document Request 3.

All means by which lithium-ion cells contained within products distributed by SEL from October 2005 were designed to prevent or reduce the risk of internal short circuits, venting and/or thermal runaway, including but not limited to design drafts, design changes, internal memoranda, email, communications, submissions to regulatory agencies.

Response 3.

SEL objects to this request on the grounds that it fails to describe the documents or materials sought with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A).  SEL further objects to this request on the grounds that it is overly broad and unduly burdensome and is not directed toward material or information which is relevant to the claims and defenses of the parties in the case as required by Fed. R. Civ. P. 26(b)(1).  Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product.  SEL further objects to this request to the extent that it could be interpreted to seek the production of materials which are protected from disclosure by the attorney-client privilege, the work product doctrine and/or Fed. R. Civ. P. 26(b)(3) and (4).  Notwithstanding the foregoing objections, SEL will produce or has produced non-privileged documents in its possession, custody or control responsive to this request concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014.

Document Request 4.

All risks to consumers known by SEL associated with the occurrence of an internal short circuit, venting or thermal runaway in products distributed by SEL containing lithium-ion cells from October 2005 to the present, including but not limited to engineering records, test results, internal memoranda, email, communications and submissions to regulatory agencies.

Response 4.

SEL objects to this request on the grounds that it fails to describe the documents or materials sought with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A).  SEL further objects to this request on the grounds that it is overly broad and unduly burdensome and

13

is not directed toward material or information which is relevant to the claims and defenses of the parties in the case as required by Fed. R. Civ. P. 26(b)(1).  Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product.  SEL further objects to this request to the extent that it could be interpreted to seek the production of materials which are protected from disclosure by the attorney-client privilege, the work product doctrine and/or Fed. R. Civ. P. 26(b)(3) and (4).  Notwithstanding the foregoing objections, SEL will produce or has produced non-privileged documents in its possession, custody or control responsive to this request concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014.

Document Request 5.

All standards that apply or concern in any way the manufacture of lithium-ion cells contained within products distributed by SEL from October 2005 to the present, including but not limited to standards that concern the prevention of an internal short circuit, venting or thermal runaway in lithium-ion cells.

Response 5.

SEL objects to this request on the grounds that it fails to describe the documents or materials sought with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A).  SEL further objects to this request on the grounds that it is overly broad and unduly burdensome and is not directed toward material or information which is relevant to the claims and defenses of the parties in the case as required by Fed. R. Civ. P. 26(b)(1).  Plaintiffs have made no showing that the Ovalles VAIO model VPC-EB notebook computer or the battery packs or cells contained therein are substantially similar to any other product.  SEL further objects to this request to the

extent that it could be interpreted to seek the production of materials which are protected from disclosure by the attorney-client privilege, the work product doctrine and/or Fed. R. Civ. P. 26(b)(3) and (4).  Notwithstanding the foregoing objections, SEL will produce or has produced non-privileged documents in its possession, custody or control responsive to this request concerning VAIO model VPC-EB notebook computers with G6G lithium ion cells between January 1, 2010 and December 31, 2014.

SONY ELECTRONICS INC.

By its Attorneys,

John F. Kelleher
Higgins Cavanagh & Cooney LLP
123 Dyer Street
Providence, RI 02903
(401) 272-3500

Robert J. Hafner, Esq.
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place, 22nd Floor
50 S. 16th Street
Philadelphia, PA 19102
(215) 851-8457

James M. Campbell
David M. Rogers
Campbell Campbell Edwards & Conroy PC
One Constitution Center, 3rd Floor
Boston, MA 02129
(617) 241-3000

15

## CERTIFICATE OF SERVICE

I, hereby certify that a true copy of the above document was served upon the following

attorneys of record for each party by mail on April 28, 2016:

Miriam Weizenbaum, Esquire
Amato A. DeLuca, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903
*Counsel for Wilson Ovalles*

James W. Bergenn, Esquire
Mark K. Ostrowski, Esquire
William J. Ronalter, Esquire
Shipman & Goodwin, LLP
One Constitution Plaza
Hartford, CT 06103
*Counsel for Plaintiffs Wanda Ovalles and Adrian Ovalles*

Thomas C. Angelone, Esq.
Hodosh, Spinella & Angelone
One Turks Head Place Ste 810
Providence, RI 02903
*Counsel for Foxconn International, Inc.*

David M. Rogers