# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WANDA OVALLES, INDIVIDUALLY AND P.P.A A.O., AND WILSON OVALLES,<br><br>    Plaintiff,<br><br>-v-<br><br>SONY ELECTRONICS, INC., BEST BUY CO., INC., FOXCONN INTERNATIONAL, INC., AND JOHN DOE CORPORATIONS 1-4,<br><br>    Defendant. | Case No. 3:14-CV-137-M-PAS |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' SECOND MOTION TO STRIKE OBJECTIONS AND COMPEL**
**SUPPLEMENTAL DISCOVERY RESPONSES FROM SONY ELECTRONICS, INC.**

**TABLE OF CONTENTS**

**INTRODUCTION** ..........................................................................................................................1

**ARGUMENT** ................................................................................................................................1

**I.     APPLICABLE LEGAL STANDARDS** ................................................................................1

**II.    SECOND SET OF DISCOVERY DISPUTES** ....................................................................2

    Category 1.   Requests Which Are Directly Related To The Original Requests ..........................3

        1. Tracking Lithium Ion Cells ............................................................................3
        2. Role of Foxconn .............................................................................................4
        3. Persons With Knowledge ...............................................................................5
        4. How Thermal Runaway Is Prevented ............................................................6

    Category 2.   Requests Which Will Be Impacted By The Court's Decision On
                       Scope Of Discovery Of Sony Cell Failures .................................................................7

    Category 3.   Requests To Which SEL Responded That It Has Produced Or Will Produce
                       Responsive Documents .................................................................................................9

    Category 4.   Requests To Which Sony Electronics Responded That It Will Not Produce
                       Responsive Documents ...............................................................................................11

        1. VAIO Trademark .........................................................................................11
        2. CPSA Importer Obligations .........................................................................11
        3. The Director of Corporate Product Safety ...................................................12
        4. Surveillance ..................................................................................................12

**CONCLUSION** ..........................................................................................................................13

**INTRODUCTION**

The parties recently met with the Court on May 13, 2016 to discuss the status of Plaintiffs' Motions To Compel (ECF 39, 41, 43) and ways to achieve resolution. Plaintiffs believe the path forward involves Sony Electronics timely responding to Plaintiffs' May 6 letter (ECF 63-3), the parties submitting supplemental briefing on June 6 to the extent any open issued remain outstanding, and the parties attending oral argument on June 9 to argue the open issues. Plaintiffs remain committed to this path forward.

At the May 13, 2016 meeting with the Court, however, Sony Electronics made a fair point that Plaintiffs served a second set of requests for documents ("Plaintiffs Second Set of Document Requests") which may also require consideration and resolution.[1] It has now become clear, however, that Sony Electronics relies on Plaintiffs' Second Set of Document Requests to avoid committing itself to its production and responses to Plaintiffs' first set of requests at issue in Plaintiffs' Motions To Compel.[2]

Accordingly, the purpose of Plaintiffs' Second Set Of Motions To Compel Supplemental Discovery Responses From Defendant Sony Electronics, Inc. is to set forth Plaintiffs' proposal for resolution of Plaintiffs' Second Set of Document Requests.

**ARGUMENT**

**I.    APPLICABLE LEGAL STANDARDS**

Plaintiffs incorporate by reference the standards under Fed. R. Civ. P. 34 set forth in Plaintiffs' previously filed memorandum of law (ECF 42 at p. 2).

---

[1]    On Feb. 26 and Mar. 9, 2016, Plaintiffs served Plaintiffs' Second Set of Document Requests. On Mar. 28 and Apr. 8, 2016, SEL served objections and responses. The parties met and conferred on Apr. 20, 2016, where SEL left it to Plaintiffs to propose how to resolve as it involved Plaintiffs' discovery requests.

[2]    In addition to continuing to rely on its usual tactics to avoid providing full or clear answers to Plaintiffs' original interrogatories, SEL now repeatedly reserves the right to supplement based on documents and information discovered in the course of responding to Plaintiffs' Second Set of Document Requests.

1

## II. SECOND SET OF DISCOVERY DISPUTES

Plaintiffs' Second Set of Document Requests fall into four discrete categories.

**Category I.** Plaintiffs served requests that are closely related to requests in dispute in Plaintiffs' pending Motions To Compel (ECF 39, 41, 43) in that they have been propounded in an effort to obtain more precise responses from the defendants and, in some cases, to offer alternative proposals to obtain the same information originally sought. Plaintiffs expect that the Court's resolution of requests in Plaintiffs' pending Motions To Compel (ECF 39, 41, 43) will determine how these requests are resolved.

**Category II.** Plaintiffs served requests that will be impacted by the Court's decision concerning the scope of discovery of Sony lithium ion cell failures sought by the plaintiffs, which has been briefed by the parties in SEL's Surreply (ECF 55) and Plaintiffs' Response to SEL's Surreply (ECF 59) in relation to Wilson Ovalles Interrogatory No. 25. Plaintiffs expect that the Court's order concerning the scope of discovery of Sony cell failures applies equally to these requests.

**Category III.** Plaintiffs served requests to which Sony Electronics responded that it "has produced or will produce" responsive documents. Plaintiffs seek the identification of all responsive documents Sony Electronics has produced, and production of the documents the defendant acknowledges are responsive but has not yet produced.

**Category IV.** Plaintiffs served requests in areas not directly addressed by previous requests, but flow from disclosures or positions that Sony Electronics has made or taken, to which Sony Electronics objected and responded that it will **not** produce responsive documents. Plaintiffs seek to strike the objections and compel production.

**Category I: <u>Requests Which Are Directly Related To The Original Requests</u>**

First, Plaintiffs served requests that are directly related to the original requests in dispute in Plaintiffs' pending Motions To Compel (ECF 39, 41, 43), as described below.

### 1. Tracking Lithium Ion Cells

In Plaintiffs' original Motions To Compel, Plaintiffs seek to discover how Sony (any Sony entity including Sony Electronics) tracks what cells are used in what laptops, as well as basic information about when, where, and by whom key battery components, including the cells, in Plaintiffs' VAIO bearing serial number 27528430-3006567 were manufactured. The relevant original requests are Wanda Ovalles Interrogatory Nos. 3 and 17 and Wilson Ovalles Interrogatory No. 10. Plaintiffs have put their proposal for resolving these original requests in the May 6, 2016 letter to Sony Electronics (ECF 63-3), however, the issues remain unresolved.

Plaintiffs' new discovery requests seek any documents that support the original interrogatory responses, and have sought to clarify that any supplemental interrogatory response should include an explanation of the various Sony cell naming conventions used by Sony to the fullest extent known by Sony Electronics. The relevant "new" requests are:

*Wanda Ovalles 2nd RFP No. 1*
*Wanda Ovalles 2nd RFP No. 2* [3]

A proper response by Sony Electronics to the original requests, coupled with documents that support the response, will render the new requests resolved *ipso facto.*

---

[3]  For these two new requests, SEL generically objected and then responded that it "will produce or has produced" responsive documents, leaving it unclear whether documents are being withheld subject to the objection, what has been produced that is responsive, and whether anything more is to be expected. In other words, the new requests are suffering from the same vagueness and obfuscation as the original ones.

### 2. Role of Foxconn

Sony Electronics has repeatedly represented to Plaintiffs that Foxconn International, Inc. ("Foxconn") manufactured the Plaintiffs' VAIO (*see, e.g.,* ECF 42-3; ECF 42-10 at 17). Foxconn, however, has repeatedly denied it (*see, e.g.,* ECF 29; ECF 42-18). Both have sought to avoid responding to Plaintiffs' discovery requests by claiming in a conclusory manner that they did not actually "design or manufacture" anything.

In Plaintiffs' original Motions To Compel, Plaintiffs seek to discover the role of Foxconn, and ask for the production of documents reflecting that role. The relevant requests are Wanda Ovalles Interrogatory No. 16 and Wanda Ovalles 1st RFP No. 6. Plaintiffs have put their proposal for resolving these original requests in the May 6, 2016 letter to Sony Electronics (ECF 63-3), however, the issues remain unresolved.

Plaintiffs' new discovery requests point to specific claims about Foxconn's role made by Sony Electronics in this litigation, and ask for the documents that support or contradict those specific statements, so that there is no confusion. The relevant "new" requests are:

*Wanda Ovalles 2nd RFP No. 4*
*Wanda Ovalles 2nd RFP No. 5*
*Wilson Ovalles 2nd RFP No. 31* [4]

A proper response by Sony Electronics to the original requests will render the new requests resolved *ipso facto.*

---

[4] Again, SEL generically objected and then responded that it "will produce or has produced" responsive documents. (*See* comments in n.2 *supra*).

4

### 3. Persons with Knowledge

In Plaintiffs' original Motions To Compel, Plaintiffs seek to discover persons with knowledge of Plaintiffs' allegations (which describe the phenomenon of thermal runaway (*see* Compl. (ECF 1) ¶¶ 1, 27)) and Sony Electronics' defenses (which includes the defense that the incident is the responsibility of others (*see* Answer (ECF 9), 7th Affirmative Defense). Sony Electronics objected and identified only the Director of Corporate Product Safety (the "Director"), who then testified that he is not permitted to communicate with Sony Japan or ask about Sony cell problems (ECF 42-16 at 116:02-13, 117:11-15), and that if the information is in Japan then "it's not available to SEL" (*id.* at 206:13-14). The relevant requests are Wanda Ovalles Interrogatories Nos. 1 and 2. Plaintiffs have put their proposal for resolving these original requests in the May 6, 2016 letter to Sony Electronics (ECF 63-3). The defendant has not responded.

Plaintiffs' new requests contain various attempts to identify persons with knowledge and what they know. The relevant "new" requests are:

*Wanda Ovalles 2nd RFP No. 17*      *Wilson Ovalles 2nd RFP No. 64*
*Wilson Ovalles 2nd RFP No. 1*       *Wilson Ovalles 2nd RFP No. 65* [5]

Acceptance by Sony Electronics of Plaintiffs' May 6 proposal will render the new requests resolved, and is a fair compromise.[6]

---

[5] For Wilson Ovalles 2nd RFP Nos. 64 and 65, SEL identifies every person and company in any and every document produced, deposition taken, or interrogatory responses, which is yet another way SEL tries to reserve the right to sandbag Plaintiffs at trial.

[6] The one exception is that among the documents recently produced by Sony Electronics is a report dated March 9, 2016 by SEL to Sony Corp. written by someone about the Ovalles' family situation (SEL 002004). The person's name is redacted, without any apparent justification or cause. Plaintiffs seek the identity of this person and to discover what he or she knows.

### 4. How Thermal Runaway Is Prevented

In Plaintiffs' original Motions To Compel, Plaintiffs seek to discover how Sony Electronics designed and manufactured the VPC-EB model to prevent the cells in it (which Sony Electronics claims are Sony G6G cells) from experiencing thermal runaway. The relevant request is Wilson Ovalles Interrogatory No. 9. Plaintiffs have proposed how to resolve this original request in the May 6, 2016 letter to Sony Electronics (ECF 63-3), however, the issue remains unresolved and in fact has become more complicated in the wake of Sony Electronics' supplementation.[7]

Plaintiffs' new request seeks any documents that support the original interrogatory response as it relates to Sony Electronics' review of the *design* of the Ovalles' VAIO (and its components) in particular. The relevant "new" request is:

*Wanda Ovalles 2nd RFP No. 10*

A proper response by Sony Electronics to the original request, coupled with confirmation that no documents have been withheld, will render the new request resolved. Further, if Sony Electronics relies on design and testing and manufacturing changes made to *other* Sony 18650 lithium ion cells in its answer, then Sony Electronics must provide complete disclosures rather than cherry pick what to produce while claiming no control over anything except what it selects.

---

[7] The issue has become more complicated in the wake of SEL's supplemental responses to Pls.' interrogatories because SEL supplements the answer to Wilson Ovalles Int. No. 9 by referring Plaintiffs to documents about design and testing and manufacturing changes made to *other Sony 18650 lithium ion cells*, including Sony's G5, G6B, G7 and G8 cells.

Indeed, SEL's handling of Wilson Ovalles Int. No. 9 neatly conveys the tactics Plaintiffs have endured for almost two years. This case is about thermal runaway and that has been known since the start. Yet, on Feb. 27, 2015, SEL objected to Wilson Ovalles Int. No. 9 because: "***plaintiff does not define what he means by 'thermal runaway***'" while providing a vague (and apparently incomplete) answer. In Oct., Nov., and Dec., 2015, Plaintiffs' moved to compel, SEL opposed without even mentioning this request or its objection, and plaintiffs replied (ECF 39, 47, 48). Then, on Mar. 11, 2016, SEL moved for leave to surreply (ECF 54) and argued: "In Plaintiffs' Reply Memorandum in Support of its Motion to Compel, plaintiffs asserted that 'the lithium ion cells in the battery experienced thermal runaway.' … ***Because this theory appeared for the first time in plaintiffs' Reply, SEL did not have an opportunity to address it in its Opposition brief***" (*id.* at 2). SEL then revealed for the first time simultaneously to plaintiffs and the Court the existence of an employee from a business unit that markets Sony cells in the US (ECF 55-1), along with new documents that SEL previously claimed under oath it did not have (ECF 55-2, 55-3). The same tactics to excuse future surprise revelations continue to this day. The gamesmanship regarding persons with knowledge continues (*see supra* n.5). And for Wilson Ovalles Int. No. 9, SEL reserves the right to supplement (read: change) its answer. All the while SEL simply ***ignores*** Plaintiffs requests to provide a full and clear answer and to confirm that nothing is being withheld (*see* Pls. 05/06/2016 Ltr. (ECF 63-3) at p. 9).

6

**Category II    Requests Which Will Be Impacted By The Court's Decision on <u>Scope Of Discovery Of Sony Cell Failures</u>**

In Plaintiffs' original Motions To Compel, Plaintiffs seek information about incidents of Sony cell failures in response to Wilson Ovalles Interrogatory No. 25. Sony Electronics objected, seeking to limit the scope to the lithium ion cell Sony Electronics claims is in the Ovalles computer, the G6G cell.[8]  This issue of the proper scope of discovery of Sony lithium ion cell failures has been briefed extensively by the parties in SEL's Surreply (ECF 55), and Plaintiffs' Response to SEL's Surreply (ECF 59) as it relates to Wilson Ovalles Interrogatory No. 25.[9]  There appears to be no path towards resolving this fundamental dispute without a decision by the Court.

The Court's decision as to the scope of cell discovery will directly impact the following requests in Plaintiffs' Second Set of Requests for Documents:

*Wanda Ovalles 2nd RFP No. 3*            *Wilson Ovalles 2nd RFP No. 21*
*Wanda Ovalles 2nd RFP No. 16(a)*        *Wilson Ovalles 2nd RFP No. 22*
*Wilson Ovalles 2nd RFP No. 7(b),(c),(d)*  *Wilson Ovalles 2nd RFP No. 23*
*Wilson Ovalles 2nd RFP No. 8*           *Wilson Ovalles 2nd RFP No. 24*
*Wilson Ovalles 2nd RFP No. 9(a),(b),(c)*  *Wilson Ovalles 2nd RFP No. 25*
*Wilson Ovalles 2nd RFP No. 10(a),(b),(c),(g)*  *Wilson Ovalles 2nd RFP No. 26*
*Wilson Ovalles 2nd RFP No. 11*          *Wilson Ovalles 2nd RFP No. 28*
*Wilson Ovalles 2nd RFP No. 12*          *Wilson Ovalles 2nd RFP No. 29*
*Wilson Ovalles 2nd RFP No. 13*          *Wilson Ovalles 2nd RFP No. 30*
*Wilson Ovalles 2nd RFP No. 15*          *Wilson Ovalles 2nd RFP No. 45*
*Wilson Ovalles 2nd RFP No. 19*          *Wilson Ovalles 2nd RFP No. 46*
*Wilson Ovalles 2nd RFP No. 20*          *Wilson Ovalles 2nd RFP No. 57*

---

[8]  SEL's claim in this regard must remain in the context of the fact that it refuses to describe under oath, or provide any evidence of, how Sony tracks lithium ion cells placed in SEL's products, raising the concern that SEL's representation that the "G6G" was in the Ovalles computer may be unreliable.

[9]  Wilson Ovalles Interrogatory No. 25 is the only request at issue in Plaintiffs' Motions To Compel (ECF 39, 41, 43) that will be impacted by this dispute regarding the proper scope of Sony cell failures that are discoverable, because all of the other original requests are limited to the Ovalles' VAIO specifically or the VPC-EB model.

Plaintiffs aim to discover incidents of Sony 18650 battery protection circuit and cell failures, including particular Sony Energy Devices Corp.-made cell failures publicly known and identified by plaintiffs. Were Sony 18650 battery protection circuit and cell failures to be disclosed, plaintiffs then seek to obtain the circumstances, any investigations, and the results (Wanda Ovalles 2nd RFP No. 3); Sony's self-assessments of those failures (Wanda Ovalles 2nd RFP No. 16(a)); communications with the government, and supply chain members, regarding those failures (Wilson Ovalles 2nd RFP Nos. 7(b), (c), (d), 8, 11, 12, 13, 19, 20, 21, 57), testing, design, manufacturing, monitoring of the Sony cells that failed, including complete UL reports (Wilson Ovalles 2nd RFP Nos. 26, 28, 45, 46, 57); the causes, changes made, and their effect (Wanda Ovalles 2nd RFP No. 3; Wilson Ovalles 2nd RFP Nos. 9(a), (b), (c), 10(a), (b), (c), (g), 15, 22, 23, 24, 25, 29, 30, 57); and documents concerning US based claims (Wilson Ovalles 2nd RFP No. 57); all as specified in the requests above in great detail so there can be no confusion, as to Sony 18650 lithium ion cell failures identified in response to Wilson Ovalles Interrogatory No. 25.[10]

(Further, and in all events, plaintiffs seek to confirm that, with respect to Sony G6G cell failures that Sony Electronics agrees are discoverable, all responsive documents have been produced.)

---

[10]  As it stands now, SEL cherry picks documents relating to these topics pursuant to the scope sought by plaintiffs, and claims that SEL produced the documents to answer how SEL prevents thermal runaway of the claimed G6G cells in the Ovalles' VPC-EB model laptop (*see supra,* How Thermal Runaway Is Prevented) while refusing to verify its interrogatory responses in the manner prescribed by the Federal Rules of Civil Procedure (or even permit an inquiry into the search conducted) and claiming no control over any other documents that plaintiffs know exist and which would provide more complete and reliable information.

8

**Category III  Requests To Which Sony Electronics Responded That It Has Produced Or Will Produce Responsive Documents**

Plaintiffs served new requests to which Sony Electronics responded that it <u>has or will</u> produce responsive documents. Plaintiffs ask the Court to compel Sony Electronics to include in its responses all responsive documents it has produced, and further compel Sony Electronics to produce any and all remaining documents forthwith. The relevant new requests are:

| | |
|---|---|
| *Wanda Ovalles 2nd RFP No. 6* | *Wilson Ovalles 2nd RFP No. 47* |
| *Wanda Ovalles 2nd RFP No. 7* | *Wilson Ovalles 2nd RFP No. 48* |
| *Wanda Ovalles 2nd RFP No. 8* | *Wilson Ovalles 2nd RFP No. 49* |
| *Wanda Ovalles 2nd RFP No. 9* | *Wilson Ovalles 2nd RFP No. 50* |
| *Wanda Ovalles 2nd RFP No. 16(b), (c), (d)* | *Wilson Ovalles 2nd RFP No. 52* |
| *Wanda Ovalles 2nd RFP No. 18* | *Wilson Ovalles 2nd RFP No. 53* |
| *Wilson Ovalles 2nd RFP No. 3* | *Wilson Ovalles 2nd RFP No. 54* |
| *Wilson Ovalles 2nd RFP No. 16* | *Wilson Ovalles 2nd RFP No. 55* |
| *Wilson Ovalles 2nd RFP No. 17* | *Wilson Ovalles 2nd RFP No. 56* |
| *Wilson Ovalles 2nd RFP No. 18* | *Wilson Ovalles 2nd RFP No. 67* |
| *Wilson Ovalles 2nd RFP No. 27* | *Wilson Ovalles 2nd RFP No. 68* |
| *Wilson Ovalles 2nd RFP No. 33* | *Wilson Ovalles 2nd RFP No. 69* |
| *Wilson Ovalles 2nd RFP No. 34* | *Wilson Ovalles 2nd RFP No. 70* |
| *Wilson Ovalles 2nd RFP No. 35* | *Wilson Ovalles 2nd RFP No. 71* |
| *Wilson Ovalles 2nd RFP No. 42* | *Wilson Ovalles 2nd RFP No. 72* |
| *Wilson Ovalles 2nd RFP No. 43* | *Wilson Ovalles 2nd RFP No. 73* |
| *Wilson Ovalles 2nd RFP No. 44* | *Wilson Ovalles 2nd RFP No. 74* |

The topics of these are requests include marketing (Wanda Ovalles 2nd RFP Nos. 6, 7; Wilson Ovalles 2nd RFP Nos. 35); warnings (Wilson Ovalles 2nd RFP Nos. 47, 52, 53, 54); contracts amongst the supply chain and other industry participants like Underwriters Laboratories ("UL") (Wanda Ovalles 2nd RFP Nos. 8, 9; Wilson Ovalles 2nd RFP No. 16, 17, 18); full and complete UL reports covering the Ovalles' VAIO and its battery pack and cells (Wilson Ovalles 2nd RFP Nos. 42, 43, 44); documents relied on for statements made in Sony Electronics' declarations submitted to Court (Wanda Ovalles 2nd RFP No. 18); evidence of the sale of the Ovalles' VAIO (Wilson Ovalles 2nd RFP Nos. 34); condition of Ovalles' VAIO at

times of sale (Wilson Ovalles 2nd RFP Nos. 50); the G6G bill of materials, process instructions, and specs (Wanda Ovalles 2nd RFP No. 16(b), (c), (d)); communications regarding the pack or cells in Ovalles' VAIO (Wilson Ovalles 2nd RFP No. 27, 33)[11]; allocation of financial responsibility between or among Sony, Foxconn, and Best Buy entities (Wilson Ovalles 2nd RFP Nos. 48); disputes between or among Sony, Foxconn, and Best Buy entities (Wilson Ovalles 2nd RFP Nos. 49); training (Wilson Ovalles 2nd RFP Nos. 55); standards (Wilson Ovalles 2nd RFP Nos. 56); Sony Electronics' preservation of information and documents (Wilson Ovalles 2nd RFP Nos. 3); Sony Electronics' denials and defenses (Wilson Ovalles 2nd RFP Nos. 67, 68, 69, 70, 71, 72, 73, 74).

---

[11]    In addition to communications regarding the Ovalles' VAIO and its battery pack and cells, which SEL agrees to produce, Plaintiffs seek communications between SEL and any Person concerning the Action, including Sony Corporation, Foxconn International, Inc., and Best Buy Co. Inc.:

*Wilson Ovalles 2nd RFP No. 2*
*Wilson Ovalles 2nd RFP No. 58*
*Wilson Ovalles 2nd RFP No. 59*
*Wilson Ovalles 2nd RFP No. 60*
*Wilson Ovalles 2nd RFP No. 61*

SEL objects on the ground of attorney-client privilege, work product doctrine, and Fed. R. Civ. P. 26(b)(3) and (4).  SEL should particularize the categories so plaintiffs can assess which communications are fairly protected and which are not.  For example, were Sony entities and Foxconn entities to dispute amongst themselves the cause of and responsibility for the incident, and exchange information and data in connection with that dispute, such communications would not be privileged.  *Compare Prentiss & Carlise Co., Inc. v. Koehring-Waterous Div. of Timerjack, Inc.,* 972 F.2d 6, 9-10 (1st Cir. 1992).  Plaintiffs have not requested a full log at this time, but rather that SEL particularize the categories so that business communications are not improperly withheld on the basis of a privilege claim.

**Category IV. Requests To Which Sony Electronics Responded That It Will Not Produce Responsive Documents**

Finally, Plaintiffs served genuinely new requests to which Sony Electronics objects and responded that it will NOT produce responsive documents. Plaintiffs seek to strike the objections and compel production of responsive documents.

### 1. VAIO Trademark

Plaintiffs have already explained to Sony Electronics why its ownership, and representation of ownership, of VAIO trademarks is relevant—namely, because one who holds out a product as its own is subject to the same liability as though it were the manufacturer (*see* ECF 42 at pp. 23-24). Sony Electronics had the opportunity to respond but has chosen to remain conspicuously silent on this issue. The relevant requests are: *Wanda Ovalles 2nd RFP No. 11, 12, 13 and Wilson Ovalles 2nd RFP No. 32.*

### 2. CPSA Importer Obligations

Sony Electronics admits that it imported Plaintiffs' VAIO (ECF 31 at p. 2), which means it has a legal obligation to access information about Sony cells to comply with its reporting obligations under 15 U.S.C. §§ 2064 and 2084, as well as a practical requirement in order to rationally run its business (ECF 42 at pp. 20-22). Sony Electronics' response to Plaintiffs' observations of federal law, incredibly, was to submit a sworn statement by the Director, who is tasked with complying with this law, in which he simply declares without explanation: "I am not aware of any business or legal requirement that I seek any safety-related information from any parent corporation of SEL" (ECF 47-3 at ¶ 5). Plaintiffs seek to discover the basis for, and truth of, this assertion. Among other things, it bears on Sony Electronics' credibility, and whether it failed to act in a reasonable manner to protect the Ovalles family. The relevant requests are: *Wilson Ovalles 2nd RFP Nos. 5, 6, 7(a), 36.*

### 3. Director of Corporate Product Safety

Plaintiffs seek the personnel file of the Director, complaints made against him, his compensation, and all documents that concern every committee, working group, industry panel, professional organization of the like in which the Director served insofar as it relates to lithium ion batteries and cells. The Director's resume indicates that he is a member of the International Electrotechnical Commission, UL Standards Technical Panels, including for UL 2054 concerning lithium ion battery packs and UL 1642 concerning lithium ion battery cells, and the development team for I-EEE 1625 concerning lithium ion battery cells. Yet, among other things, the Director testified that he could not remember if he heard the words "explosion" (63:24-64:05) and that he does not know what Plaintiffs mean by the term "thermal runaway" (57:08-11). This discovery is relevant to the defendants' credibility and its claims of lack of knowledge. The relevant requests are: ***Wilson Ovalles 2nd RFP Nos. 37, 38, 39, 40.***

### 4. Surveillance

Plaintiffs requested to discover any surveillance of any Person concerning the Action. Sony Electronics objects on the ground of attorney-client privilege, work product doctrine, and Fed. R. Civ. P. 26(b)(3) and (4). Sony Electronics also objects on the ground of undue burden, specifying that to require a search for responsive documents solely for the purpose of generating a privilege log would impose an undue burden. It is Plaintiffs' position that Sony Electronics must inform Plaintiffs if it has or is conducting surveillance on Plaintiffs or their family or friends. *See Cabral v. Arruda*, 556 A.2d 47, 50 (R.I., 1989). The relevant request is: ***Wilson Ovalles 2nd RFP No. 62.***

12

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request an order:

1) For the requests in Categories I and II above, an order that the Court's resolution of requests at issue in Plaintiffs' Motions To Compel (ECF 49, 41, 43) apply equally to requests at issue in Plaintiffs' Second Set of Requests for Documents;

2) For the requests in Category III above, an order requiring Sony Electronics to identify all responsive documents Sony Electronics has produced, and to produce of the documents Sony Electronics acknowledges are responsive but has not yet produced, forthwith;

3) For the requests for communications concerning the Action in footnote 11 above, an order requiring Sony Electronics to particularize the categories of communications that Sony Electronics claims privilege protection;

4) For the requests Category IV above, an order striking the objections and compelling production of responsive documents; and

5) Granting such other and further relief as the Court deems just and proper.

A proposed order granting Plaintiffs' motion accompanies this memorandum.

Dated:  May 31, 2016

        Respectfully submitted,


        PLAINTIFFS WANDA OVALLES, INDIVIDUALLY
        AND P.P.A A.O., AND WILSON OVALLES

        By: */s/ Miriam Weizenbaum*

          DELUCA & WEIZENBAUM, LTD.
          Amato A. DeLuca
          Miriam Weizenbaum
          199 N. Main Street
          Providence, RI 02905
          Telephone:  (401) 453-1500
          Facsimile:  (401) 453-1501
          bud@delucaandweizenbaum.com
          miriam@delucaandweizenbaum.com

          *Attorneys for Plaintiff Wilson Ovalles*

          SHIPMAN & GOODWIN LLP
          James. W. Bergenn (*pro hac vice*)
          Mark K. Ostrowski (*pro hac vice*)
          William J. Ronalter (*pro hac vice*)
          Christopher J. Cahill (*pro hac vice*)
          One Constitution Plaza
          Hartford, CT 06103-1919
          Telephone: (860) 251-5000
          Facsimile:  (860) 251-5218
          jbergen@goodwin.com
          mostrowski@goodwin.com
          wronalter@goodwin.com
          ccahill@goodwin.com

          *Attorneys for Plaintiff Wanda Ovalles, on behalf of*
          *herself and her son, A.O.*

15

## CERTIFICATE OF SERVICE

      I hereby certify that on May 31, 2016, the foregoing memorandum of law was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

      */s/ Miriam Weizenbaum*