## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WANDA OVALLES, Individually and P.P.A. ADRIAN OVALLES and WILSON OVALLES<br><br>Plaintiffs<br><br>Vs.<br><br>SONY ELECTRONICS INC.; BEST BUY CO., INC.; FOXCONN INTERNATIONAL INC., and JOHN CORPORATIONS 1-4<br><br>Defendants | C.A. No. 14-cv-00137-M-PAS |

## NON-PARTY, NOELLE MONDONSA, R.N.'S MOTION FOR PROTECTIVE ORDER REGARDING DEFENDANT FOXCONN INTERNATIONAL INC.'S SUBPOENA AND DEPOSITION NOTICE

Now comes a non-party to the above-captioned matter, Noelle Mondonsa, R.N. ("Ms. Mondonsa"), by and through the undersigned counsel, and hereby moves this Court pursuant to Rule 26(c) for a Protective Order regarding the deposition subpoena served on or about May 18, 2016, regarding certain confidential health care information of plaintiff Wilson Ovalles. See Ex. A, attached hereto. In support of this Motion, Ms. Mondonsa states that the testimony sought is protected by state and federal law, and counsel has not provided a written patient authorization in accordance with the law, nor has counsel provided the required twenty-day notice certification in accordance with R.I.G.L. § 5-37.3-6.1 before issuing the subpoena. As further grounds for this Motion, Ms. Mondonsa states, as follows:

In Rhode Island, the Confidentiality of Health Care Communications and Information Act (the "Act"), codified at G.L. 1956 §§ 5-37.3-1, et seq., generally protects from disclosure a patient's confidential health care information. Specifically, the underlying rule of law is that "a patient's confidential health care information shall not be released or transferred without the written consent of the patient or his or her authorized representative, on a consent form meeting the requirements of . . . this section." Sec. 5-37.3-4. The Act protects "all information relating to a patient's health care history, diagnosis, condition, treatment or evaluation obtained from a health care provider who has treated the patient." Sec. 5-37.3-3(3)(ii). The Act was "intended to establish safeguards for maintaining the integrity of confidential health-care information that relates to an individual." Pastore v. Samson, 900 A.2d 1067, 1085 (R.I. 2006) (internal citations and emphasis omitted). Accordingly, such information, "even though it may be subpoenaed pursuant to valid legal process, is presumptively private, confidential, and privileged." State v. Brown, 709 A.2d 465, 472 n.8 (R.I. 1998). The "mere receipt of a subpoena [does] not give [a health care provider] carte blanche to publish the information willy-nilly to third parties . . . who have subpoenaed the records to court." Washburn v. Rite Aid Corp., 695 A.2d 495, 500 (R.I. 1997). Rather, persons seeking information protected by the Act must follow the specific statutory requirements, as set forth in § 5-37.3-6.1.

Specifically, a health care provider may only disclose non-sensitive health care information when there is a subpoena accompanied by written certification of the party issuing the subpoena that:

> "(1) A copy of the subpoena has been served by the party on
> the individual whose records are being sought on or before

>
> the date the subpoena was served, together with a notice of the individual's right to challenge the subpoena; or, if the individual cannot be located within this jurisdiction, that an affidavit of that fact is provided; and
> (2) Twenty (20) days have passed from the date of service on the individual and within that time period the individual has not initiated a challenge; or
> (3) Disclosure is ordered by a court after challenge."

Sec. 5-37.3-6.1(a). In the absence of such certification, there is not statutory compliance, and a health care provider may not disclose the confidential health care information sought. See id. (requiring certification from issuing party that copy served on individual and twenty days have passed).

Further, when confidential health care information is sought by subpoena, the patient, his or her representative, or the health care provider may file a motion to quash the subpoena. See § 5-37.3-6.1. "The court shall grant a motion to quash unless the requesting party can demonstrate that there is reasonable ground to believe the information being sought is relevant to the proceedings, and the need for the information clearly outweighs the privacy interest of the individual." Id. at (d) (emphasis added). Thus, the subpoenaing party must show that the health care information is (1) relevant to the proceedings, and (2) the need for the information "clearly outweighs" the patient's privacy interests. § 5-37.3-6.1(d). In its determination of whether the need for information clearly outweighs the individual's privacy,

> "the court shall consider:
>
> (1) The particular purpose for which the information was collected;
> (2) The individual's reasonable expectation of privacy in the information;
> (3) The degree to which disclosure would embarrass, injure, or invade the privacy of the individual;

        (4) The effect of the disclosure on the individual's future health care;
        (5) The importance of the information to the lawsuit or proceeding; and,
        (6) Whether the information is available from another source, including Rule 35 of the Superior Court Rules of Civil Procedure."

Sec. 5-37.3-6.1(e).

In this case, the subpoena served was <u>not</u> accompanied by written certification that a copy was served on the patient's authorized representative and that twenty (20) days have passed from the date of service on that individual in accordance with R.I.G.L. § 5-37.3-6.1. Therefore, premised on the foregoing law, Ms. Mondonsa cannot—absent a written patient authorization or Court Order—appear to offer deposition testimony regarding plaintiff's confidential health care.

WHEREFORE, Ms. Mondonsa respectfully requests that this Court grant her Motion.

        The Non-Party,
        NOELLE MONDONSA, R.N.,
        By her Attorney,

        _/s/ Timothy M. Zabbo_

        Timothy M. Zabbo, #7350
        Adler | Cohen | Harvey | Wakeman | Guekguezian, LLP
        55 Dorrance Street, Suite 1000
        Providence, RI 02903
        (401) 521-6100 Fax (401) 521-1001
        tzabbo@adlercohen.com

## CERTIFICATE OF SERVICE

I do hereby certify that on June 2, 2016 this document was filed with ECF system to be electronically served upon all registered participants as identified on the Notice of Electronic Filing and <u>paper copies</u> will be sent those registered as non-participants.

_____
Timothy M. Zabbo

# EXHIBIT A

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Rhode Island

| WANDA OVALLES, et al | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 14-00137 |
| SONY ELECTRONICS, INC; BEST BUY CO., INC.; FOXCONN INTERNATIONAL INC. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Noelle Mendonsa, R.N., c/o Timothy M. Zabbo, Esq., Adler, Cohen, Harvey, Wakeman & Guekguezian, LLP, 55 Dorrance Street, Suite 302, Providence, RI 02903

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Higgins Cavanagh & Cooney, LLP, 123 Dyer Street, Providence, RI 02903 | Date and Time: 06/08/2016 9:00 am |
|---|---|

The deposition will be recorded by this method: stenographic

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/17/2016

*CLERK OF COURT*

OR

/s/ Thomas C. Angelone

*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Foxconn International, Inc. , who issues or requests this subpoena, are:

Thomas C. Angelone, Esq., Hodosh, Spinella & Angelone, PC, One Turks Head Place, Suite 810, Providence, RI 02903 401-274-0200 angelonelaw@aol.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 14-00137

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND



WANDA OVALLES, Individually and
P.P.A. ADRIAN OVALLES and
WILSON OVALLES
        Plaintiffs

vs.                          C.A. No. 14-cv-00137-M-PAS

SONY ELECTRONICS INC.; BEST BUY
CO., INC.; FOXCONN INTERNATIONAL
INC.; and JOHN DOE
CORPORATIONS 1-4
        Defendants

**NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION**

**PLEASE TAKE NOTICE** that pursuant to Rule 30 of the *Federal Rules of Civil Procedure*, the testimony upon oral examination of *Noelle Mendonsa, R.N.* will be taken before a Notary Public, or before another person authorized to administer oaths, at the law offices of HIGGINS CAVANAGH & COONEY LLP, 123 Dyer Street, Providence, Rhode Island 02903, on the 8th day of June, 2016, at 9:00 a.m.

Said examination will continue from day to day until completed and is being taken on behalf of Defendant, *Foxconn International Inc.*

You are invited to cross-examine.

                                      **FOXCONN INTERNATIONAL, INC.**
                                      By its Attorneys,

                                      */s/ Thomas C. Angelone*
                                      Thomas C. Angelone, Esq. #1373
                                      **HODOSH, SPINELLA & ANGELONE pc**
                                      One Turks Head Place, Suite 810
                                      Providence, Rhode Island 02903
                                      401-274-0200
                                      Fax 401-274-7538
Dated: May 17, 2016               angelonelaw@aol.com

## CERTIFICATION

I hereby certify that on this 18th day of May, 2016, I caused a copy of the within Deposition Notice to be sent by U.S. Mail, postage paid, and by email to the following attorney(s) of record:

Amato A. DeLuca, Esq.
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903
bud@dwlaw.com

James W. Bergenn, Esq.
Mark K. Ostrowski, Esq.
William J. Ronalter, Esq.
Christopher Cahill, Esq.
Shipman & Goodwin, LLP
One Constitution Plaza
Hartford, CT 06103
jbergenn@goodwin.com
mostrowski@goodwin.com
wronalter@goodwin.com
ccahill@goodwin.com

John Kelleher, Esq.
Higgins, Cavanagh & Cooney
123 Dyer Street, 4th Floor
Providence, RI 02903
jkelleher@hcc-law.com

Robert J. Hafner, Esq.
Eckert Seamans Cherin & Mellot
22nd Floor
Two Liberty Place
50 S. 16th Street
Philadelphia, PA 19102
rhafner@eckertseamans.com

James M. Campbell, Esq.
David M. Rogers, Esq.
Diana A. Chang, Esq.
Campbell, Campbell, Edwards & Conroy
One Constitution Plaza
Boston, MA 02129
jmcampbell@campbell-trial-lawyers.com
drogers@campbell-trial-lawyers.com
dchang@campbell-trial-lawyers.com

DTI Global

*/s/ Thomas C. Angelone*
Thomas C. Angelone, Esq.   #1373