UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WANDA OVALLES, INDIVIDUALLY AND P.P.A. A.O., AND WILSON OVALLES,

v. C.A. NO. 14-137M

SONY ELECTRONICS INC.; BEST BUY CO., INC.; FOXCONN INTERNATIONAL INC.; AND JOHN DOE CORPORATIONS 1-4,

**REPLY TO SONY ELECTRONICS, INC.'S OPPOSITION TO PLAINTIFFS MOTION FOR PROTECTIVE ORDER**

Plaintiffs submit this memorandum in reply to Sony Electronics, Inc.'s ("Sony Electronics" or "SEL") opposition to plaintiffs' Motion for Protective Order (ECF No. 78). In this context where the dispositive facts are undisputed, the subpoena issued by Sony Electronics to plaintiffs' trial counsel James Bergenn triggers each of the considerations to which this Court is directed by the First Circuit in *Bogosian v. Woloohojian Realty Corp.,* 323 F.3d 55 (1st Cir. 2003). Specifically, there are multiple other means to obtain information about "the fire site at the time" (factor ii), other information sought invades core privilege and is in no way crucial to the moving party's case (factor iii). Finally, the plaintiffs are concerned that the subpoena issued to one of plaintiffs' trial counsel is "primarily for purposes of harassment" (factor i). *Bogosian v. Woloohojian Realty Corp.,* 323 F.3d at 65.

**ARGUMENT**

**1. The Proposed Deposition Is Not Crucial, Nor Even Necessary**

In its opposition, Sony Electronics fails to provide any basis upon which this Court can sanction the "extreme measure" they seek – taking depositions of opposing counsel. *Avid Technology v. Media Gobbler, Inc.,* No. 14-13746-PBS, 2016 WL 696092 at *6 (D. Mass Feb. 19, 2016) (discussing *Bogosian v. Woloohojian Realty Corp.,* 323 F.3d 55 (1st Cir. 2003)). It is

undisputed that multiple experts in the field of fire investigation had subjected the scene to hours and hours of investigation over more than a week prior to the April 23, 2011 visit by plaintiffs' counsel. Defendant Sony Electronics does not dispute the fact that they had unrestricted access to every single one of those investigators, subjecting each to hours of testimony that included close review of the dozens of photographs taken of the scene. It is likewise not disputed that at the time plaintiff's counsel stopped at the site of the fire it was in a condition fundamentally altered by the fire suppression and subsequent investigation. Therefore, Sony Electronics' claim that:

> There is no one else who can offer testimony about the conditions that existed at the fire site at the time [April 23], what Mr. Bergenn observed, and the means and methods that he employed to collect and preserve the burned notebook computer evidence.

(SEL Opp. at 6).

must be recognized as hyperbolic and simply inaccurate.

Plaintiffs respectfully observe that Sony Electronics' opposition brief, by failing to identify any reason to believe that in spite of access to every firefighter and investigator "crucial information" remains out of view, invites the Court to participate in baseless suspicion and hints at some unstated malfeasance for which there is no evidence. Plaintiffs decline the invitation to piece together what Sony Electronics may (or may not) be saying, and encourage the Court to decline as well. Plaintiffs strongly urge a holding that baseless innuendo constitutes an insufficient showing that a deposition is crucial under *Bogosian*, while making it more likely the subpoena was issued primarily for purposes of harassment.

**2. <u>Privilege Concerns Abound</u>**

The opposition to plaintiffs' motion submitted by Sony Electronics is strikingly silent as to the enormous issue of privilege Sony Electronics has placed before this Court with their notice to conduct the deposition of plaintiffs' trial counsel and their accompanying request for documents. With respect to the second factor courts must consider, that is "to what extent

information sought is relevant, nonprivileged, and crucial to the moving party's case", (*Bobogsian,* at 65) Sony Electronics does not hide the fact that it seeks to inquire into privileged attorney-client communications and attorney work product.

Specifically, Sony Electronics states:

> Mr. Bergenn is the only person who can testify about … his selective preservation of critical notebook computer evidence [on April 23]

(SEL Opp. at 8)

> Although Shipman & Goodwin had been collecting computer-related evidence from the fire scene since April 23, 2011 … plaintiffs' counsel did not provide SEL with notice of this incident until February 9, 2012

(*Id*. at 4).

The first statement makes clear that Sony Electronics seeks to discover what plaintiffs' counsel was thinking on April 23rd, specifically, why Attorney Bergenn picked up a laptop but did not sift through debris for other materials ignored and left behind by the investigators. The second statement makes clear that Sony Electronics seeks to inquire into plaintiffs' counsels' thoughts and investigation from April 23, 2011 to February 9, 2012, which would include both attorney-client communications and attorney work product, to discover why notice came on February 9, 2012 and not sometime before then. Sony Electronics' silence must be taken as a concession that it would not avoid – in fact, it would seek – disclosure of privileged information were a deposition to proceed.

**3. <u>Case Law Does Not Support Sony Electronics</u>**

In its opposition, Sony Electronics claims: "In these circumstances, courts will not hesitate to permit the deposition of an attorney" (SEL Opp. at 7). This claim is incorrect.

First, the law requires hesitation. *Bogosian v. Woloohojian Realty Corp.,* 323 F.3d 55 (1st Cir. 2003) ("Although not strictly forbidden, the procurement of trial testimony from opposing counsel is generally disfavored"); *Shelton v. American Motors Corp.,* 805 F.2d 1323 (8th Cir. 1986) ("Taking the deposition of opposing counsel not only disrupts the adversarial

system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation"); *see also Dunkin Donuts, Inc. v. Mandorico, Inc.,* 181 F.R.D. 208, 209-10 (D. Puerto Rico 1998) (collecting & summarizing cases) ("federal courts exercise great care before permitting the deposition of a party's attorney.").

Second, the cases cited by Sony Electronics where attorneys were deposed contain facts entirely distinct from those presented here.

In *Carey v. Textron, Inc.,* 224 F.R.D. 530 (D. Mass. 2004), the case principally relied upon by Sony Electronics, the product at issue (a golf cart) went missing, and there were specific reasons to believe that the only person who might know what happened to it was the plaintiff's former attorney. Here, Sony Electronics cannot reasonably suggest that Attorney Bergenn is the only person that might know what happened to the VAIO (because it was ***preserved***), and as for cells and shells in the debris, Attorney Bergenn is not uniquely situated to state what happened to them simply because he did not visit the scene until it was fundamentally altered by firefighters and fire investigators.[1]

In *Confederate Motors, Inc. v. Terry,* No. 11-cv-10213, 2012 WL 612506, at *2 (D. Mass. Feb. 24, 2012) relied on by Sony Electronics, the person whose deposition was sought by the defense was **listed by the plaintiff as a witness**, and in any event was not counsel involved in litigation. For these reasons, the defendant was allowed to depose plaintiff's witness to find out what he knew about the facts. Here, again, Sony Electronics cannot reasonably suggest the facts in this case are even remotely similar.

---

[1] *Carey* is also distinguishable for another reason: "Moreover, the fact that [plaintiff's former attorney] no longer represents [plaintiff] in this matter reduces the degree of interference that any deposition of him would introduce. He, presumably, does not possess information concerning Plaintiff's current litigation strategy. Thus, under the circumstances, the Defendant's need to depose [plaintiff's former attorney] outweighs any countervailing consideration." Here, Attorney Bergenn continues to represent plaintiff and is highly involved in plaintiffs' litigation strategy.

In *In Re Tyco Int'l Ltd. Sec. Litig.,* No. 02-md-1335, 2007 WL 2682763, at *5 (D.N.H. Sept. 7, 2007), depositions of attorneys proceeded on the specific topics for which there had been a voluntary waiver of the attorney-client and work product privileges. Here, plaintiff has not waived her rights.

In *Hina v. Anchor Glass Container Corp.,* No. 5-cv-008, 2008 U.S. Dist. LEXIS 41577, at *9 (S.D. Ohio May 23, 2008), the attorney to be deposed made a factual claim that went to the heart of the merits of the case and, if true, would affect the outcome of a motion adjudicating the merits.[2] The facts in *Hina* are unique. Here, in contrast, securing evidence left in plain sight and affixing a chain of custody note to it is more akin to a routine, non-event, much like the counsel in *Dunkin Donuts v. Mandorico, Inc.,* 181 F.R.D. 208 (D.P.R. 1998) who simply wrote a letter that did not transform him into a witness subject to subpoena and deposition. *Cf. Dunkin Donuts,* 181 F.R.D. at 212 ("The fact that Mr. Pressman wrote a letter, which plaintiff asserts is a pro forma communication, does not imply that he may be considered a fact witness who should be deposed. Since the record does not contain any evidence which may indicate that Mr. Pressman's involvement in the present case was not limited to acting in his capacity as Dunkin Donuts' attorney, the defendant has failed to meet the second factor as well.").

---

2 The facts in *Hina* are complex but can be fairly described as follows: Both sides, plaintiff's and defendant's counsel, showed up to watch plaintiff's expert take pictures and inspect the product at issue (a milling machine). Defendant later moved for in essence summary judgment. Plaintiff opposed by submitting an affidavit by the expert that showed pictures of the speed dial on the milling machine that he had taken during the inspection above. Defendant then replied by submitting an affidavit by the defendant's attorney who attended the inspection and asserted that he saw the plaintiff's expert manipulate the machine before the pictures of the speed dial were taken. Plaintiff sought to depose the defendant's attorney who made the claim. The court in *Hina* allowed the deposition because the testimony could affect the outcome of the defendant's motion. The reason that the speed dial mattered so much is left opaque in the *Hina* opinion, but a review of related filings in the case indicate that the picture showed the speed dial was at [], which reflected poorly on the defendant's maintenance responsibilities and likely caused plaintiff's injury.

**CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request that the Court grant their Motion for Protective Order (ECF 78).

Plaintiffs,
By their Attorneys,

/s/ Miriam Weizenbaum
Miriam Weizenbaum (#5182)
**DeLUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax
miriam@dwlaw.us

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WANDA OVALLES, INDIVIDUALLY AND P.P.A. A. OVALLES AND WILSON OVALLES, | : | |
| v. | : | C.A. NO. 14-137M |
| SONY ELECTRONICS INC.; BEST BUY CO., INC.; FOXCONN INTERNATIONAL INC.; AND JOHN DOE CORPORATIONS 1-4, | : | |

**CERTIFICATE OF SERVICE**

I hereby certified that a true and accurate copy of the following document:

*Plaintiffs' Motion for Protective Order*

was sent by electronic mail on this 1st day of August 2016 to the following counsel of record:

William J. Ronalter, Esq.
James W. Bergenn, Esq.
Mark K. Ostrowski, Esq.
Shipman & Goodwin, LLP
One Constitution Plaza
Hartford, CT 06103
*Counsel for Wanda Ovalles and A. Ovalles*

Robert J. Hafner, Esq.
Eckert, Seamans, Cherin & Mellott, LLC.
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
*Counsel for Sony Electronics and Best Buy*

John Kelleher, Esq.
Higgins, Cavanagh & Cooney, LLP
The Hay Building, 4th Floor
123 Dyer Street
Providence, RI 02903
*Counsel for Sony Electronics and Best Buy*

James M. Campbell, Esq.
David M. Rogers, Esq.
Diana A. Chang, Esq.
Campbell, Campbell, Edwards & Conroy
One Constitution Plaza
Boston, MA 02129
*Counsel for Sony Electronics*

Thomas C. Angelone, Esq.
Hodosh, Spinella & Angelone
One Turks Head Place, Ste. 810
Providence, RI 02903
*Counsel for Foxconn International, Inc.*

                /s/ Miriam Weizenbaum