UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WANDA OVALLES, INDIVIDUALLY | : | |
| AND P.P.A. A. OVALLES AND | : | |
| WILSON OVALLES, | : | |
| | : | |
| v. | : | C.A. NO. 14-137M |
| | : | |
| SONY ELECTRONICS INC.; | : | |
| BEST BUY CO., INC.; FOXCONN | : | |
| INTERNATIONAL INC.; AND | : | |
| JOHN DOE CORPORATIONS 1-4, | : | |

**PLAINTIFFS' OPPOSITION TO SONY ELECTRONICS, INC.S
EMERGENCY MOTION FOR PROTECTIVE ORDER
AND PLAINTIFFS' REQUEST FOR EMERGENCY HEARING**

Plaintiffs respectfully file this opposition to Sony Electronics, Inc.'s ("Sony Electronics" or "SEL") emergency motion for protective order, and hereby request an immediate hearing.

**ARGUMENT**

Since June and July of 2014 the plaintiffs have been seeking whatever evidence Sony Electronics has of the design, testing, inspection, *et cetera* of particular components in the Ovalles VAIO, that is the Sony VGP-BPS22 battery pack and the Sony US18650G6G cell.[1] Throughout negotiations, meetings, memoranda, conferences, and litigation, Sony Electronics has made oral representations that it has no more such evidence than it has already produced. Suspicious of defendant's tactics, seeking to avoid being ambushed with unrevealed documents and frustrated with the opacity of their responses and its violation of the Federal Rules of Civil Procedure and ultimately the Court's June 29, 2016 Order, plaintiffs filed a Motion for Sanctions and issued a notice of deposition pursuant to F.R. Civ. P. 30 (b)(6) to commit the defendant to its responses.

---

[1] Plaintiffs have attached a list of those interrogatories propounded in June and July of 2014 that request this information. (*See* Exhibit 1.)

After perpetrating over two years of delay, SEL now tells plaintiffs and this Court that in the last two weeks it has learned:

> an attorney who had represented SEL in connection with certain CPSC [Consumer Products Safety Commission] matters (but not in connection with this action) had found in his firm's off-site storage a large volume of documents all of which needed to be reviewed for responsiveness to the plaintiffs' written discovery requests as well as for privilege and work product issues.

(SEL Mem. (ECF 100) at 2).

Defendant's claim of a surprise discovery strains credulity. Sony Electronics' designated representative, the Director of Corporate Product Safety Mr. Julio Posse,[2] testified under oath in April of 2015 to his knowledge that it was outside counsel who communicated with CPSC and handled the recall.[3]

Far more distributing is SEL's obvious attempt to use its 'surprise discovery', made as it is being faced with sanctions for withholding documents and after it has accomplished an astonishing delay of plaintiffs' case, to inject thousands of pages of 'unknown' documents into a case filed two and a half years ago.

In this regard, plaintiffs remind the Court that its Motion for Sanctions deals specifically with this CPSC material, providing a detailed disassembly of SEL's withholding and its attempts to misdirect plaintiffs and the Court concerning these materials. Plaintiffs' Motion for Sanctions asks the Court, given the apparent purposeful violations of the Federal Rules of Civil Procedure

---

[2] Mr. Posse was the sole person identified in SEL's original answer to an Wanda Ovalles Interrogatory 1 requesting "Identify each and every person (including their job title) who was consulted in the preparation of answers and responses to these Interrogatories and Requests for Production or who was otherwise the source of information contained in any answer or response to the same." (SEL Feb. 27, 2015 Answers to Interrogatories.) He has also been named as the "person with knowledge" for each of four 30(b)(6) depositions noticed by the plaintiffs. Finally, he has signed SEL's answers to interrogatories.

[3] See SEL 04/23/2015 Tr. at 83:09-84:06 (*See* Exhibit 2).

and of the Court's June 29, 2016 Order, for an adverse inference (Pls.' Mem. (ECF 94-1) at 10-16).[4]

While it is plaintiffs' notice of a 30(b)(6) deposition that is now before the Court, the plaintiffs urge the Court not to accept *a priori* SEL's 'surprise' discovery and (promised) production of mountains of documents as a well-intentioned and valid response to discovery. A party simply cannot be permitted to first attempt to mislead plaintiffs and the Court to see if it can succeed in doing so, and then when faced with consequences for that conduct, ignore what it has done by asserting an in-credible claim that the material only now happened to be located. Otherwise, every party in all litigation would try the same tactic. *See Reyes-Santiago v. Jet Blue Airways Corp.,* 932 F. Supp. 2d 291, 298-299 (D. Puerto Rico 2013); *Wachtel v. Health Net, Inc.,* 239 F.R.D. 81, 103-06 (D.N.J. 2006).[5]

It is also critical for the Court to understand that SEL's claim that it needs to review these CPSC materials in order prepare for the October 30(b)(6) deposition is equally problematic. (SEL Mem. (ECF 100) at 3). The noticed topic is:

---

[4] SEL's failure to comply with the agreed-to Format for Production with respect to the CPSC material it did produce (SEL 12721-12812), which was sixteen (16) documents, makes it impossible for plaintiffs to know how SEL has the sixteen (16) documents it produced, without at the same time having known that there are "at least hundreds of pages" (SEL Mem. (ECF 100) at 2) more. Had SEL complied with respect to the sixteen (16) documents, for example, by identify the SEL custodian from whom these sixteen (16) documents were pulled, plaintiffs might be able to demonstrate further than SEL's claim to have just located the documents is untrue.

[5] *Reyes,* 932 F. Supp. 2d at 298-299 ("After carefully analyzing this situation, the Court is convinced that, in withholding the Report for over 8 months, JetBlue acted in bad faith. … Rather, it appears that such an unjustifiable delay was meant to gain a strategic edge over Plaintiffs. This sort of gamesmanship is frowned upon and ought to be sanctioned. … In sum, JetBlue dishonestly withheld information. This transgression cannot be countenanced."); *Wachtel*, 239 F.R.D. at 103-06 ("In light of the significance of the documents withheld from Plaintiffs, the deliberate and willful nature of the non-disclosure, and the prejudice suffered by Plaintiffs, this Court finds that aggressive sanctions are necessary to remedy the harm done to Plaintiffs, to punish Defendants for their behavior, and to make clear that such litigation tactics will not be condoned. … Defendants argue that Plaintiffs could cure the prejudice they suffered … This rationale has been strongly rejected, however, where defendants have resisted their discovery obligations in a remarkable pattern of delay and obfuscation … Furthermore, Defendants' repetitive pattern of strategic delays only further supports the conclusion that this incident was, like Health Net's other discovery violations, committed in bad faith.").

> The person with knowledge of Sony Electronics' answers and responses to the following interrogatories and requests as propounded to the plaintiffs on August 29, 2016 and to the extent they pertain to the US18650G6G (cell) and the VGP-BPS22 (battery pack):
>
> Wanda Interrogatory numbers 4, 6, 14, 15
> Wilson Interrogatory numbers 1, 5, 6, 9, 11, 18, 18, 22, 23, 25
>
> Wilson Second RFP numbers 18, 26, 28, 29, 30, 57 a-c
> Wanda Second RFP numbers 10, 16

(*See* 09/26/2016 Depo Notice, attached as Exhibit 3.)

By definition, the person with knowledge of the responses, Mr. Posse, who verified the interrogatory responses on August 29, 2016 and whose job is to be responsible for document production in product liability cases (*see* SEL 04/23/2016 Tr. at 102:04-16),[6] would be prepared to testify as of August 29, 2016 about SEL's answers and responses propounded to the plaintiffs on August 29, 2016. The deposition is not an invitation for SEL to redo its August 29, 2016 answers and production. By its very terms, the purpose is to understand the answers and production made on August 29, 2016.

Finally, regarding the fact discovery deadline, plaintiffs submit that the Court vacated the discovery deadline on August 9, 2016 (*see* August 9, 2016 Text Order), which at that point had expired on June 30, 2016, because the plaintiffs and the Court could not predict the content of SEL's August 29, 2016 production. It is **not** the case that the constant passage of time is not harmful to plaintiffs. Further, allowing a party to persist in such conduct fundamentally impairs the integrity of the discovery process facing the constant possibility that relevant, and likely harmful, documents will never be produced. *See Reyes-Santiago v. Jet Blue Airways Corp.,* 932 F. Supp. 2d 291, 303 (D. Puerto Rico 2013).

---

[6] "Q. … but can you just now tell me what happens in a typical day, and what kinds of responsibilities you handle in a typical month? A. Well, one of those, as you mention, is handle all the product liability actions against Sony, I'm involved in that, so I spend a lot of time attending depositions and reading documents, producing documents."

4

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request the Court hold an immediate hearing and/or deny Sony Electronics' emergency motion for protective order, and order Sony Electronics to attend the deposition and answer questions on the topic noticed on either October 7 or 11, 2015, the current dates that plaintiffs have offered.

Dated: September 30, 2016                    Respectfully submitted,

>                                          PLAINTIFF WANDA OVALLES,
>                                          INDIVIDUALLY AND P.P.A ADRIAN
>                                          OVALLES, AND WILSON OVALLES
>
>                                          /s/ Miriam Weizenbaum
>                                          **DeLUCA & WEIZENBAUM, LTD.**
>                                          Amato A. DeLuca
>                                          Miriam Weizenbaum
>                                          199 N. Main Street
>                                          Providence, RI 02905
>                                          Telephone: (401) 453-1500
>                                          Facsimile: (401) 453-1501
>                                          bud@delucaandweizenbaum.com
>                                          miriam@delucaandweizenbaum.com
>
>                                          *Attorneys for Plaintiff Wilson Ovalles*
>
>                                          **SHIPMAN & GOODWIN LLP**
>                                          James. W. Bergenn (*pro hac vice*)
>                                          Mark K. Ostrowski (*pro hac vice*)
>                                          William J. Ronalter (*pro hac vice*)
>                                          One Constitution Plaza
>                                          Hartford, CT 06103-1919
>                                          Telephone: (860) 251-5000
>                                          Facsimile: (860) 251-5218
>                                          jbergen@goodwin.com
>                                          mostrowski@goodwin.com
>                                          wronalter@goodwin.com
>
>                                          *Attorneys for Plaintiff Wanda Ovalles, on behalf of herself and her son, A.O.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WANDA OVALLES, INDIVIDUALLY AND P.P.A. A. OVALLES AND WILSON OVALLES, | : : : : | |
| v. | : : | C.A. NO. 14-137M |
| SONY ELECTRONICS INC.; BEST BUY CO., INC.; FOXCONN INTERNATIONAL INC.; AND JOHN DOE CORPORATIONS 1-4, | : : : : | |

**CERTIFICATE OF SERVICE**

    I hereby certified that a true and accurate copy of the following document:

*Plaintiffs' Opposition to Sony Electronics, Inc.'s*
*Emergency Motion for Protective Order*
*and Plaintiffs' Request for Emergency Hearing*

was sent by ECF filing on this 30th day of September 2016 to the following counsel of record:

Robert J. Hafner, Esq.
Eckert, Seamans, Cherin & Mellott, LLC.
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA  19102
*Counsel for Sony Electronics and Best Buy*

Gerald C. DeMaria, Esq.
Higgins, Cavanagh & Cooney, LLP
The Hay Building, 4th Floor
123 Dyer Street
Providence, RI  02903
*Counsel for Sony Electronics and Best Buy*

John F. Kelleher, Esq.
LaSalle & Kelleher, P.C.
One Turks Head Place
Ste. 450
Providence, RI  02903
*Counsel for Sony Electronics and Best Buy*

James M. Campbell, Esq.
David M. Rogers, Esq.
Diana A. Chang, Esq.
Campbell, Campbell, Edwards & Conroy
One Constitution Plaza
Boston, MA 02129
*Counsel for Sony Electronics*

Thomas C. Angelone, Esq.
Hodosh, Spinella & Angelone
One Turks Head Place, Ste. 810
Providence, RI 02903
*Counsel for Foxconn International, Inc.*

                /s/ Miriam Weizenbaum