# EXHIBIT D

```
 1                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF RHODE ISLAND
 2

 3      * * * * * * * * * * * * * * *   C.A. NO. 14-137M
                                    *
 4    WANDA OVALLES, Individually   *
      and as P.P.A., et al          *
 5                                  *
         VS.                        *   SEPTEMBER 13, 2016
 6                                  *   9:00 A.M.
      SONY ELECTRONICS, INC., et al *
 7                                  *
      * * * * * * * * * * * * * * * *   PROVIDENCE, RI
 8
                    BEFORE THE HONORABLE JOHN J. McCONNELL, JR.,
 9                                 DISTRICT JUDGE

10                          (Status Conference)

11    APPEARANCES:
      FOR THE PLAINTIFFS:      MIRIAM WEIZENBAUM, ESQ.
12                             DeLuca & Weizenbaum, Ltd.
                               199 North Main Street
13                             Providence, RI  02903

14                             JAMES W. BERGENN, ESQ.
                               CHRISTOPHER J. CAHILL, ESQ.
15                             Shipman & Goodwin, LLP
                               One Constitution Plaza
16                             Hartford, CT  06103

17    FOR THE DEFENDANTS,
      Best Buy and Sony:       JOHN F. KELLEHER, ESQ.
18                             LaSalle & Kelleher, P.C.
                               One Turks Head Place
19                             Providence, RI  02903

20                             DAVID M. ROGERS, ESQ.
                               Campbell, Campbell, Edwards &
21                             Conroy
                               One Constitution Center, 3rd Floor
22                             Boston, MA 02129

23    FOR THE DEFENDANT,
      Foxconn:                 THOMAS C. ANGELONE, ESQ.
24                             Hodosh, Spinella & Angelone
                               One Turks Head Place, Suite 810
25                             Providence, RI 02903
```

1   specific cell that Sony was in the -- was put in this
2   laptop were relevant, and your order said that
3   discovery would extend to all Sony manufactured 18650
4   lithium-ion cylindrical cells manufactured or
5   distributed from 2005 to the present.  So that was a
6   very, very wide expansion of discovery that you ordered
7   on June 29th.
8           Your Honor, immediately counsel for Sony -- and
9   let me just say who Sony is because there are some -- I
10  don't want to forget making this point.
11          The Defendant in the case, the Sony Defendant in
12  this case, Sony Electronics, is the United States
13  distributor of products that are manufactured by other
14  entities.
15          And you know that because one of the whole other
16  issues that the Plaintiffs deferred on is whether or
17  not there should be discovery and what should be done
18  about information and documents that Sony Corporation
19  in Japan or other Sony entities in Japan have.
20          So the Defendant is not the manufacturer, is not
21  the designer; and with respect to that whole series of
22  interrogatories and document requests that
23  Ms. Weizenbaum quoted to you, we said it flat out,
24  we've been saying it from the beginning, this entity
25  did not design and manufacture the laptop, the battery

1     pack that was in the laptop or the cells.  Okay.
2            So that's what we said.  And we said, However,
3     as the distributor and support -- service support
4     entity, we do have information, which we've produced.
5            So getting back to the chronology, the order
6     required us then to file specific objections, fully
7     respond, cite properly to Rule 33(d) where appropriate
8     by Bates number and if documents had already been
9     provided.  Okay.
10           So we immediately began working on this and
11    figuring out a plan.  And on July 8th, which was less
12    than 10 days later, your Honor, as you recall from our
13    last conference, I sent an e-mail to Miriam and we had
14    a conference call in which I said, We believe that in
15    order to fully respond to the Court's order, a lot of
16    E-discovery and searches of electronic databases are
17    going to be necessary to comply.
18           And I think there are some 81 outstanding
19    requests that were the subject of your order, and I
20    don't know the exact number to which we said we believe
21    that electronic searches will have to be done to find
22    stuff for those; but we said, Here is a plan.  What we
23    would like to do, and we want you to participate in
24    this with us as we think parties are required to do
25    under the federal rules for E-discovery, and we've been

1       And can I say the cell tracking information, and
2  this is -- I guess this is really getting into the
3  nitty-gritty.  I don't know if you want to hear this.
4  I mean, I will just tell you that with respect to the
5  cell tracking issue, we've done everything we can
6  possibly think of to figure out what they are asking
7  for and how we do it.
8       And we've answered discovery requests twice
9  about that, and I will support what we've answered and
10 the information that we have and what we know about it;
11 and I don't know what else we can do.
12       THE COURT:  Let's wait and see what they request
13 in writing.  It is a little disturbing, I don't have
14 the whole picture, to hear that you've represented that
15 you don't track and then you hear a lawyer in Chicago,
16 I think it was, talking about the tracking of the
17 cells.
18       Now, there may be a logical explanation for
19 that; but on its surface, that's disturbing.  The two
20 can't be meshed.
21       MR. ROGERS:  I'd have to see the context of
22 that.  I'm not really -- the fact is that another Sony
23 entity, for shorthand we call it SEND, Sony
24 Electronic -- Sony Energy Devices, I think, but anyway,
25 they make the little small cells.  And then they put

```
 1      them into a battery pack, the pack that is made by
 2      another Sony entity.  And then that is provided to in
 3      this case Foxconn or Hon Hai, which is the assembler of
 4      the laptop that then is sold in the United States
 5      through -- it's delivered to Sony and then sold, in
 6      this case, to Best Buy, my client.
 7           So, yeah, the computer was totally destroyed in
 8      the fire.  So we know what computer Mrs. Ovalles had
 9      because she registered it.  She went online.  And the
10      cells themselves -- and Mr. Posse at his deposition
11      explained this to the Plaintiffs.
12           He had an exemplar battery pack and cells, and
13      he said, Okay, here's what -- I want to explain to you
14      what we do about tracking.  The battery pack, here it
15      is.  Here are the cells.  They have part numbers on
16      them.  And because she registered her computer, we know
17      what battery pack and what cells went into that
18      computer that was made at this time, and that's the
19      tracking.  So we know that.
20           You know, we don't know the individual cell
21      numbers or anything like that because they were
22      destroyed in the fire.  There's no, you know,
23      identifying information left on them.  So anyway, but
24      that can be addressed at a later time.
25           So I guess where I'm at, and I do want to
```