UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WANDA OVALLES, et al.,<br>　　　Plaintiffs,<br><br>　　v.<br><br>SONY ELECTRONICS, INC., et al.,<br>　　　Defendants. | C. A. No. 14-cv-137-M-PAS |

ORDER

Wand and Wilson Ovalles have moved to limit discovery noticed by Sony Electronics Inc. ("Sony") concerning Underwriter's Laboratories' ("UL") design, testing, and inspection of the battery cell type in the Ovalles' laptop. ECF No. 116. Because this discovery, if allowed to take place, would violate this Court's prior orders and would represent discovery abuse by Sony, the Court GRANTS the Ovalles' Motion to Limit Discovery and quashes the subpoena duces tecum to third party UL.

Two years ago, in February 2015, Sony responded to discovery about testing of battery cells by stating that while no one at Sony conducted testing, it "understood" the battery cells were designed to comply with UL standards. A year later, Sony produced ten UL documents. In June 2016, the Court struck Sony's discovery responses because of discovery failures by Sony and the Court ordered Sony to "fully respond" anew to all discovery. ECF No. 82. Five

months later, in November 2016, over two years after the Ovalles' initial discovery requests, Sony produced 5,963 pages of UL documents.

In light of regular disputes concerning Sony's discovery responses and the age of the case, the Court issued an order on December 19, 2016, stating, "All written fact discovery will be responded to and all requested documents will be produced by January 27, 2017. No document or response produced after that date will be admitted." ECF No. 111. The Court closed all other fact discovery on March 3, 2017. A week *after* the court-imposed production deadline, Sony issued a subpoena to UL seeking production of documents relevant to this litigation and requested by the Ovalles years earlier.

The Court's December 19, 2016 order was clear and unambiguous. The parties must produce all requested documents by January 27, 2017. The Court will not admit any document produced after that date. The UL documents sought by Sony after the deadline in its subpoena are documents originally and consistently requested by the Ovalles in their discovery.[1] Sony's action in seeking production of documents after the production deadline violates the Court's December 19, 2016 order.

Because Sony's violation of the Court's December 19, 2016 order was blatant and comes after numerous other incidents of failures to timely and fully

---

[1] The UL documents now sought by Sony were in fact always under Sony's control according to the UL service agreement. *See* UL Services Agreement (ECF No. 121-3).

2

produce discovery, sanctions pursuant to Fed. R. Civ. P. 37(b)(2) are appropriate. Sony should reimburse Plaintiffs' attorneys for the time involved in preparing and filing the instant motion and reply. Plaintiffs' attorneys shall submit an affidavit of time and rate within seven days.

The Court GRANTS Plaintiffs' Motion to Limit Discovery, for the Imposition of Sanctions, and for Expedited Relief. ECF No. 116.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

February 21, 2017