UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

WANDA OVALLES, INDIVIDUALLY
AND P.P.A A.O., AND WILSON OVALLES,

                       Plaintiffs,                Case No. 3:14-CV-137-M-PAS

- against -

SONY ELECTRONICS, INC., BEST BUY CO., INC.,
FOXCONN INTERNATIONAL, INC., AND JOHN
DOE CORPORATIONS 1-4,

                       Defendants.

## DEFENDANT, SONY ELECTRONICS INC.'S, OBJECTION TO PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER

While counsel for Sony Electronics and Best Buy would normally have no objection to the request of plaintiffs' counsel for the extension of expert disclosures they seek, they hesitate to consent to this request here given the circumstances presented. Last fall plaintiffs' counsel announced to this Court and the parties that they needed no further records from Sony Electronics Inc. ("SEL") to enable them to proceed to trial and sought entry of a scheduling order setting a trial date. The Court granted their request and entered an Order on December 19, 2016, which, among other things, set a September 5, 2017, trial date and dates for expert witness disclosures. (ECF-111.) The Court entered an Order on February 10, 2017, granting plaintiffs' Motion to Halt Production of ESI Material by Sony Electronics.[1] (ECF-118.) On April 13, 2017, the parties filed

---

[1] While the Court granted plaintiffs' Motion to Halt Production and this Order is one of the subjects of SEL's pending Motion for Reconsideration, the fact remains that SEL completed its production of "ESI discovery" before the Court granted this Motion in order to comply with its obligations under the Court Order requiring the parties to produce all documents on or before January 27, 2017. More importantly, it is clear that plaintiffs' counsel has already reviewed and relied upon this "ESI discovery" despite seeking and getting an order quashing SEL's production of this material. The fact also remains that SEL has produced what it has.

a Joint Motion to Amend/Correct the Scheduling Order (ECF-137), which the court granted on April 14, 2017 via a Text Order. The Text Order entered by the Court on April 14, 2017, required, among other things, that plaintiffs identify their experts and serve expert disclosure reports by May 22, 2017, with defendants doing so by June 19, 2017. All of this activity occurred after plaintiffs filed their Motion for Sanctions back on September 16, 2016. (ECF-94.)

Having successfully sought a court order setting a trial date, an order quashing SEL's production of ESI discovery, filing their Motion for Sanctions back on September 16, 2016, and then preparing and filing a Joint Motion to Amend/Correct the Scheduling Order on April 13, 2017, which requested that plaintiffs' expert disclosure deadline be moved to May 22, 2017 (to which counsel for Sony Electronics' readily agreed), plaintiffs now seek to again extend their deadline for disclosure of expert witness information. While counsel for SEL and Best Buy would normally as a matter of simple courtesy not object to such a request, they must reluctantly do so here because defense counsel does not believe the deadline for submission of expert witness information can be extended any further given the September 5, 2017, trial date and all the remaining tasks which must be completed after plaintiffs disclose their experts (production of defense expert reports, expert witness depositions, *in limine* motions, dispositive motions, etc.).

Plaintiffs' counsel do not simply seek an extension of time for disclosure of certain or a limited type of expert(s). They seek a blanket extension of time for disclosure of all experts regardless of the nature of those experts (economics, vocational rehabilitation, life care planner, fire investigator, area of origin for the fire, etc.) The issues associated with the pending Motions for Sanctions and Reconsideration deal solely with the design and manufacture of the battery cells in the Ovalles notebook computer. There is no reason why plaintiffs cannot disclose their damages

experts and experts who will testify concerning fire investigation, the area of origin for the fire, and related issues by the May 22 deadline.

Finally, SEL has produced all documents it has responsive to plaintiffs' discovery demands. There is simply nothing more it can produce upon which plaintiffs' experts might rely in forming their opinions – regardless of the nature of any such experts.

For these reason, defendants, Sony Electronics and Best Buy, respectfully and reluctantly request that this Honorable Court deny plaintiffs' Motion to Amend Scheduling Order.

Defendant, Sony Electronic Inc.

By its attorneys,

/s/ John F. Kelleher
John F. Kelleher
LASALLE & KELLEHER, P.C.
One Turks Head Place
76 Westminster Street, Suite 450
Providence, RI 02903
(401) 421-8080


/s/ Robert J. Hafner
Robert J. Hafner
ECKERT, SEAMANS, CHERIN & MELLOT, LLC
Two Liberty Place, 22nd Floor
50 S. 16th Street
Philadelphia, PA 19102
(215) 851-8457


/s/ David M. Rogers
CAMPBELL, CAMPBELL, EDWARDS & CONROY, PC
One Constitution Place, 3rd Floor
Boston, MA 02129
(617) 241-3000

## **CERTIFICATION**

I hereby certify that on this 18th day of May, 2017, a true copy of the within document was electronically mailed to:

William J. Ronalter, Esq.
James W. Bergenn, Esq.
Mark K. Ostrowski, Esq.
Christopher J. Cahill, Esq.
Shipman & Goodwin, LLP
One Constitution Plaza
Hartford, CT 06103
*Counsel for Wanda Ovalles and Adrian Ovalles*

Amato A. DeLuca, Esq.
Miriam Weizenbaum, Esq.
DeLuca & Weizenbaum, Ltd,
199 North Main Street
Providence, RI 02903
*Counsel for Wilson, Wanda & Adrian Ovalles*

Thomas C. Angelone, Esquire
Sean K. Brousseau
Hodosh, Spinella & Angelone, P.C.
One Turks Head Place, Suite 810
Providence Rhode Island 02903
*Counsel for Foxconn International, Inc.*

Robert J. Hafner, Esquire
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place, 22nd Floor
50 S. 16th Street
Philadelphia, PA 19102
*Counsel for Sony Electronics & Best Buy Co., Inc*

James M. Campbell, Esq.
David M. Rogers, Esq.
Campbell, Campbell, Edwards & Conroy
One Constitution Plaza Boston, MA 02129
*Counsel for Sony Electronics & Best Buy Co., Inc.*

*/s/ John F. Kelleher*